[Civ. No. 7903.  First Appellate District, Division One.—October 10, 1931.]

M. R. SILVA, Appellant, v. WILLIAM GOLDMAN, Respondent.

Robert B. Gaylord, William M. Maxfield and Harold M. Child for Appellant.

G. C. Ringole for Respondent.

THE COURT.—An action by a real estate broker to recover a commission for services alleged to have been rendered in procuring a tenant for a building to be constructed by the defendant.

Plaintiff alleged that he was employed to procure a tenant for an apartment house which defendant agreed to erect, the term to be ten years and the rental $11.50 per room each month for the first five years, and $12 per room per month for the remainder of the term; that payment of the same was to be secured by a chattel mortgage upon the furniture to be installed therein by the tenant; that he procured such tenant in one Starr, who offered and was ready, willing and able to lease the apartments upon the above terms, and who delivered to defendant his certified check for $2,500 as evidence of good faith. Further, that defendant accepted the offer and the check, and later erected the apartment house, but refused to enter into a lease with Starr or to pay plaintiff a commission for his services.

The court found that on or about July 1, 1926, it was orally agreed that if plaintiff procured a responsible tenant for the proposed building for the term of ten years at a rental of $12 per room per month, the rent to be secured by a chattel mortgage upon the furniture to be installed therein by the tenant, the terms of the lease to be as determined by defendant's attorney, and the plans and specifications to be agreeable to both defendant and the tenant, then defendant would pay plaintiff the usual commission for his services. Further, that no person who was willing or who offered to enter into the lease upon the above terms was procured, and that the check mentioned was returned to Starr.

Judgment was entered for defendant, and plaintiff, who has appealed therefrom, contends that the findings are not supported by the evidence.

According to plaintiff's testimony the proposed building was to contain twenty-eight apartments, a total of fifty-six

rooms, and no plans or specifications were prepared. He stated, "I drew a sketch of that building; that was only on a piece of paper in lead pencil, a rough sketch to give Mr. Goldman some idea of it. I would not say that was plans and specifications." On September 29, 1926, Starr proposed in writing to lease the apartments on the rental basis alleged in the complaint, and his offer contained numerous specifications as to how the rooms, hallways and basement should be equipped, and the kind and quality of equipment to be placed therein by defendant, none of which, so far as shown, had been discussed or agreed upon by plaintiff and defendant. The offer also stipulated that the furniture should cost not less than $5,000, and that the check delivered therewith be retained by defendant unless the offerer should enter into the lease, install the furniture and execute the chattel mortgage.

While there is no direct evidence on the subject, it appears to have been the understanding between plaintiff and defendant that any proposed tenant should give security for his promise to enter into the lease and execute the mortgage; but there is no evidence that the amount thereof, or the value of the furniture to be placed in the apartments, was agreed upon. Defendant, after considering the offer and consulting his attorney, determined that the amount of the check was not sufficient security for Starr's promise to enter into the lease and execute the mortgage to justify the investment necessary to erect the apartments; and the check was subsequently returned. After some discussion with plaintiff defendant fixed the sum of $6,000 as the deposit required by him in this connection, the same to be returned to the lessee upon the execution of the lease and mortgage; also that the amount and value of the furniture to be installed and the specifications should be first agreed upon by himself and Starr. The latter declined to furnish security in addition to the $2,500, but testified that on April 4, 1927, he made a new offer in writing, which was introduced in evidence. It provided for the deposit of security in the sum of $6,000 as required by defendant, the rental to be $12 monthly per room; that the furniture to be placed therein and mortgaged to secure the rent should not be of less value than $7,500, and also that the plans and specifications should be prepared by a person named therein, who presumably was an architect.

Defendant denied that the last offer claimed was made to him, and on this question the testimony was conflicting. In the meantime the apartment was erected, its management being retained by defendant.

The evidence shows sufficiently that material terms of the contract to be procured by plaintiff were never agreed upon by him and the defendant, but were left for future determination, and on these terms there was no meeting of the minds of defendant and the proposed tenant. Under the circumstances it was of the essence of plaintiff's obligation to bring the parties to an agreement in the above respects (*Ayers* v. *Thomas*, 116 Cal. 140 [47 Pac. 1013]), and this, according to the evidence adduced by defendant, plaintiff failed to do.

Plaintiff urges that certain testimony given by himself and his witnesses was not denied, and that the court should therefore have found accordingly. In the same connection there was testimony of statements by plaintiff tending to show his belief that the failure to consummate the lease was not due to defendant's fault.

While a witness is presumed to speak the truth (Code Civ. Proc., sec. 1847), nevertheless the jury or the trial court sitting as such is the exclusive judge of his credibility, and may, provided it does not act arbitrarily, reject the testimony of a witness even though uncontradicted (27 Cal. Jur., sec. 156, p. 184). The same rule applies to inconsistencies in the testimony, and the findings will not be disturbed even though the appellate court may think that a different conclusion should have been reached (*Clopton* v. *Clopton*, 162 Cal. 27 [121 Pac. 720]).

We are satisfied that the findings are sufficiently supported, and nothing has been shown which would justify a reversal of the judgment.

The judgment is affirmed.