[Civ. No. 7588.   Third Dist.   Aug. 22, 1949.]

ELIZABETH A. KARSTENSEN et al., Appellants, v. WESTERN TRANSPORTATION COMPANY (a Corporation) et al., Respondents.

McGuire & Lahanier and Guernsey Carson for Appellants.

Brown, Rosson & Berry for Respondents.

PEEK, J.—This is an action to recover damages for the alleged wrongful death of Alvin M. Karstensen instituted by his widow and minor children who alleged in their complaint that a truck owned by the defendant Western Transportation Company was driven in such a negligent manner by the defendant Charmley as to cause it to collide with the automobile driven by the decedent at the intersection of Highways No. 40 and 29 near the city of Vallejo, and that as a result thereof the decedent sustained injuries resulting in his death. Defendants' answer admitted ownership of the truck and that defendant Charmley was operating it in the course and scope of his employment but denied the allegations as to their negligence and alleged that the collision was the proximate result of decedent's own negligence. The case was tried by a jury. At the conclusion of plaintiffs' case the defendants moved for a nonsuit, which motion was granted and judgment entered thereon from which this appeal is taken.

It appears from the record that the decedent was driving a 1941 Buick sedan in a southerly direction on Highway 40 and crashed into the side of defendants' truck and trailer which were proceeding north on Highway No. 40 and making a diagonal left turn from said highway on to Highway No. 29 in order to proceed toward the city of Vallejo.

Appellants concede that decedent disregarded stop signs at the point where Highway No. 29 joins Highway No. 40, which protected vehicles making left turns from Highway No. 40 on to Highway No. 29, and struck the truck and trailer approximately in the middle thereof as it was negotiating the turn. At the time of the accident Highway No. 40 was a four-lane highway and was divided for a short distance both north and south of the "Y" where said Highway 29 joined said Highway 40.

Jack W. Gates, a witness called by appellants, testified that he, the decedent, and Harold Hicks, in the course of a business trip had driven to Elk Grove from San Francisco. The car which was owned by Hicks was being driven by decedent at

Hicks' request. The parties concluded their business in Elk Grove near midnight on the 30th day of October 1945, and began the return trip to San Francisco via Highway 40. The night was black and although it had rained intermittently it was not raining at the time of the accident but the windshield wipers were working. Just prior to the accident the car was traveling approximately 40 to 45 miles per hour. When the car reached the crest of a hill estimated by Gates to be 700 to 800 feet from the point where Highway 29 merges with Highway 40, a short distance south of Vallejo, he noticed the flashing of a spotlight. Gates further testified that when he observed the flashing he thought the vehicle had broken down. He also testified that he saw the light flash four or five times, that it was bright and shone into the car enough to cause him to sit up from his position in the back seat. Specifically he stated that "from the last time it flashed there was about a second and then there was—you couldn't see anything then, it looked like a blank wall in front of us and it was a truck," that the effect of the flashing light was such that "You couldn't see anything for, as I say, for a second or two," and that the collision occurred about four or five seconds after he first observed the flashing light. He himself did not see the stop sign at the intersection because his attention was attracted to the flashing light nor did he see any other lights or any vehicular traffic in either direction. He further testified that "it felt like" decedent had taken his foot off the gas pedal just prior to the accident. On cross-examination Gates testified that the speed of the car at the time of the collision was approximately 40 to 45 miles per hour; that there was a slight slackening of speed before the car collided with the truck and that the car traveled approximately 70 feet between the time he observed the last flash of the light and the occurrence of the collision, while in his deposition he estimated the distance to be 400 to 500 feet.

John I. Charmley, the driver of the truck, was called by appellants as an adverse witness under section 2055 of the Code of Civil Procedure and testified that he first saw the car which decedent was driving as it came over the crest of a hill to the north side of the intersection of Highways 40 and 29 at which time he was in the intersection and proceeding at a speed of approximately 25 miles per hour. He admitted that he turned his spotlight on and blinked it before he saw the car come over the crest of the hill but not afterward. He also

testified that the spotlight threw its beam up in the air at an angle well above the horizon and well above the road. He further testified that the car approached the intersection at a high rate of speed and struck his truck and trailer in the middle thereof.

No other witnesses were called by the appellants and at the conclusion of the foregoing testimony the court granted respondents' motion for nonsuit.

This court stated in *Connors* v. *Southern Pac. Co.*, 91 Cal.App.2d 872, 877 [206 P.2d 31] that "The rule with respect to the granting or denial of a motion for nonsuit upon the termination of plaintiff's evidence is well established. The plaintiff is entitled to full credit for all favorable evidence together with the reasonable inferences which may be drawn therefrom. The trial court may not weigh the evidence upon that motion, nor discredit witnesses. If the evidence which has been adduced is conflicting the trial court must accept that testimony which is most favorable to the plaintiff."

It is also well settled that "On such motion the court has nothing to do with . . . any apparent disagreement as to the facts among plaintiff's witnesses, nor with any conflicts between the evidence brought out on direct and cross-examination." (9 Cal.Jur. 552-3; see *Williams* v. *Freeman*, 35 Cal.App.2d 104, 107 [94 P.2d 817].) The testimony of the defendant given under section 2055 of the Code of Civil Procedure comes within this rule and is to be treated as evidence in the case insofar as it is favorable to plaintiffs (*Crowe* v. *McBride*, 25 Cal.2d 318, 319 [153 P.2d 727]). Additionally plaintiffs are entitled to the presumption that decedent exercised due care unless such presumption is dispelled by the testimony of plaintiffs' own witnesses showing as a matter of law that decedent was contributorily negligent. (*Anthony* v. *Hobbie*, 25 Cal.2d 814 [155 P.2d 826].)

An application of the foregoing rules to the circumstances revealed by the record herein makes it clear that the only evidence which could be considered by the trial court in ruling upon the motion for nonsuit was the testimony of the witness Gates, disregarding any conflicts between his direct and cross-examination as well as any conflict between his direct examination and his deposition, and those parts of the testimony of the defendant truck driver given under the provisions of section 2055 of the Code of Civil Procedure as were favorable to appellants.

Thus the question so presented for determination is whether or not such testimony and the reasonable inferences deducible therefrom is sufficient to establish defendants' negligence and decedent's freedom from contributory negligence as to entitle appellants to its submission to a jury for its verdict. If so, the motion for nonsuit was improperly granted.

The act of the defendant truck driver in flashing his spotlight into the oncoming car which decedent was driving is a sufficient evidentiary basis for the jury to have found that such act was negligent. The jury could reasonably have concluded that decedent's attention was diverted or his vision blinded and that decedent was thereby prevented from observing either the stop sign or the truck as it turned in front of him. In this regard it is to be noted that the highway was divided immediately to the north and south of the intersection. The jury could have concluded that the flashing of the spotlight across such divided highway was not a reasonable method for the defendant driver to have signaled his intention to make a left turn, and that the blinding or distraction of decedent's vision was the proximate cause of decedent's failure to heed the stop sign and of the ensuing collision.

Likewise, the foregoing evidence affords sufficient basis for the jury to have found that the decedent was not contributorily negligent. While it may be argued, as respondents do, that decedent was negligent in proceeding with the unabated speed while his vision was blinded, such argument assumes that the decedent could have stopped in time to avoid the accident after he was blinded. Whether he could or not was a question of fact to be determined by the jury. In making such determination the jury could have considered the presumption that decedent was exercising due care since such presumption is not dispelled by the testimony of plaintiff's own witnesses.

The judgment is reversed.

Adams, P. J., and Thompson, J., concurred.