DUNIWAT, J.
 

 Appeal by defendant Clarks Market, a corporation, from an adverse judgment in an action to recover a broker’s commission. Appellant made a written contract with respondent broker, dated December 10, 1956, whereby the broker was ‘ ‘ employ [ed] ” for the period December 10, 1956, to February 10, 1957, “to find a purchaser for the lease” held by appellant on a market at Moraga, Contra Costa County. The contract contained a brief description of the lease and referred to certain subleases to be assigned to the purchaser. It granted respondent “the sole and irrevocable right to sell” and authorized him to accept a deposit. The price and terms of payment were stated. There was a further agreement to pay “as commission the sum of $250.00 per month for two years (24 payments) beginning the first month of payment made by purchaser whether said property be sold by said agent or by me or by another agent or through any other source or whether said property be transferred or conveyed or withdrawn from sale during the period of time set forth herein.”
 

 The respondent, in consideration of the employment, “agrees to use diligence in procuring a purchaser.” The contract was thus a bilateral contract, mutual promises being ex
 
 *473
 
 changed.
 
 (Davis
 
 v.
 
 Jacoby,
 
 1 Cal.2d 370, 378-379 [34 P.2d 1026].) In this respect, the case differs from many of the cases relied on by appellant, such as
 
 Mattingly
 
 v.
 
 Pennie,
 
 105 Cal. 514, 520 [39 P. 200, 45 Am.St.Rep. 87];
 
 Keeler
 
 v.
 
 Glendon,
 
 124 Cal.App.2d 634 [268 P.2d 189]; and
 
 Silva
 
 v.
 
 Goldman,
 
 117 Cal.App. 423 [4 P.2d 191].
 

 The court found that respondent found a purchaser ready, willing and able to buy, according to the terms of the agreement, and notified appellant on January 25, 1957, that he had found such purchaser, but that appellant refused to sell. Judgment was thereupon entered in favor of respondent for $6,000 (24 x $250).
 

 Appellant contends that the evidence does not support these findings, and that in any event the court should not have granted judgment for $6,000. We do not agree.
 

 1.
 
 The Evidence Supports the Findings.
 

 Appellant contends that respondent did not either (1) procure a binding contract from the buyer, or (2) bring the parties together thus enabling them to contract, or (3) procure a buyer who “verbally” (orally) accepted the seller’s terms and offered to enter into a written contract..
 
 (Twogood
 
 v.
 
 Monnette,
 
 191 Cal. 103 [215 P. 542].) No contract was ever signed. But the evidence, construed most favorably to respondent, would clearly support the following: respondent found a corporation engaged in operating supermarkets, called Louis Stores, Inc., which was able to buy. Appellant had furnished him with considerable data as to the lease and subleases, fixtures, etc. and this he communicated to Mr. Louis, president of Louis Stores. On January 25, he was orally told by Mr. Louis that Louis Stores would buy, according to the terms of respondent’s contract with appellant, which Mr. Louis had seen, the only condition being that the terms of the leases be as represented. This offer respondent communicated to appellant both orally and by letter, with a copy to Mr. Louis. The deal was such, and appellant’s officers knew it was such, that a final contract could only be worked out at a meeting. Respondent repeatedly tried to set up such a meeting, but appellant’s officers, having changed their minds, repeatedly postponed possible meetings, and refused to let respondent have the leases for Mr. Louis’ examination, until after February 10. One of them told respondent to “get $20,000 more.” In the words of one of appellant’s officers, they “kissed Mr. Herz off.” As soon as February 10 had gone by, they told respondent that they would not go
 
 *474
 
 through with the deal. They never questioned the financial ability of Louis Stores to buy, or raised any other objection as to terms.
 
 (Lathrop
 
 v.
 
 Gauger,
 
 127 Cal.App.2d 754, 767-768 [274 P.2d 730].) The only explanation of their conduct that they could give the court was that they had no faith in respondent and did not believe that Louis Stores had made
 
 “a
 
 concrete offer.”
 

 The foregoing evidence clearly supports the findings. The law does not invariably require that an offer be directly communicated from the proposed buyer to the seller; such communication as there was here under the circumstances of this case, is sufficient.
 
 (Woodbridge Realty
 
 v.
 
 Plymouth Dev. Corp.,
 
 130 Cal.App.2d 270, 280-281 [278 P.2d 713].) And appellant’s officers having carefully avoided a meeting, which was expressly requested, and having done so for the obvious purpose of evading appellant’s contractual obligation to respondent, appellant is not now in a position to assert that, because no meeting occurred, respondent did not bring the parties together. He did all that appellant permitted him to do in this regard.
 
 {Purcell
 
 v.
 
 Firth,
 
 175 Cal. 746, 749-750 [169 P. 379
 
 ] Woodbridge Realty
 
 v.
 
 Plymouth Dev. Corp., supra,
 
 130 Cal.App.2d 270, 281-282;
 
 Johnson
 
 v.
 
 Goldberg,
 
 130 Cal.App.2d 571, 578 [279 P.2d 131];
 
 Merriman
 
 v.
 
 Wichersham,
 
 141 Cal. 567, 570 [75 P. 180];
 
 Twogood
 
 v.
 
 Monnette, supra,
 
 191 Cal. 103, 107;
 
 Williams
 
 v.
 
 Freeman,
 
 35 Cal.App.2d 104, 107-108 [94 P.2d 817] ;
 
 W. Ross Campbell Co.
 
 v.
 
 Peshin,
 
 162 Cal.App.2d 225, 230 [328 P.2d 27].) Nor is it required that a binding contract be executed by the buyer.
 
 {Coulter
 
 v.
 
 Howard,
 
 203 Cal. 17, 25 [262 P. 751]; and see cases cited
 
 supra.)
 
 Mr. Louis’ testimony as to the ability of Louis Stores, Inc. is sufficient.
 
 {Woodbridge Realty
 
 v.
 
 Plymouth Dev. Corp., supra,
 
 130 Cal.App.2d 270, 275.) The case of
 
 Clements
 
 v.
 
 Ranhin,
 
 83 Cal.App.2d 779 [189 P.2d 725], relied on by appellant, is not in point. In that ease the buyer did not agree to the seller’s terms and the fact that he did not was caused by the broker’s misrepresentations.
 

 2.
 
 The Judgment Was Proper.
 

 Appellant claims that, because no deal was made and no money paid to it, respondent is not entitled to any commission. It asserts that respondent was to be paid only out of moneys paid by the buyer to appellant over the two-year period. But it is not required by the contract between the parties that respondent’s commission be paid only out of moneys received by appellant; the commission is payable
 
 *475
 
 whether the property be sold or not. Since the sale did not go through because of appellant’s fault, there was a breach of the entire contract, and respondent then became entitled to recover the whole commission. (Civ. Code, § 1512;
 
 Coulter
 
 v.
 
 Howard, supra,
 
 203 Cal. 17, 23;
 
 House
 
 v.
 
 Cook,
 
 91 Cal.App. 617, 619-620 [267 P. 354] ;
 
 Swanson
 
 v.
 
 Thurber,
 
 132 Cal.App.2d 171,177 [281 P.2d 642];
 
 Stanton
 
 v.
 
 Carnahan,
 
 15 Cal.App. 527, 529-530 [115 P. 339];
 
 Realty Bonds etc. Co.
 
 v.
 
 Point Richmond etc. Co.,
 
 171 Cal. 238, 241 [152 P. 433];
 
 W. Ross Campbell Co.
 
 v.
 
 Peskin, supra,
 
 162 Cal.App.2d 225, 231;
 
 Ratzlaff
 
 v.
 
 Trainor-Desmond Co.,
 
 41 Cal.App. 586, 590-594 [183 P. 269].) As was said in the
 
 Coulter
 
 case,
 
 supra,
 
 at page 23: "The law will not lend an ear to such contention on her [the owner’s] part; therefore, the payments provided will be held due as of the date of repudiation. The law requires of the vendor good faith and the doing of no intentional act to discourage, embarrass, or prevent the completion of the purchase. ’ ’
 

 Affirmed.
 

 Bray, P. J., and Tobriner, J., concurred.