THE BUTTERICK PUBLISHING COMPANY, Limited,

*v.*

A. W. WHITCOMB.

*Opinion filed February 21, 1907.*

1. CONTRACTS—*when a contract of hiring is mutual as respects period of service.*   A contract of hiring which recites that the employee is to begin service on a certain date and be employed as manager, and that "it is *mutually* understood that said position" is for a term of five years, is not lacking in mutuality upon the alleged ground that the employee did not agree to serve for five years.

2. SAME—*when justification of discharge of employee is a question of law.*   Where there is no conflict in the evidence, the question of what amounts to a legal justification for the discharge of an employee hired under a written contract is one of law for the determination of the court.

3. SAME—*what is not legal justification for discharge of an employee.*   The fact that a former employee of a certain corporation loaned a copy of the agency list to a rival corporation is not a legal justification for the discharge of such person after he had again been employed by the former corporation, where he was not in the employ of such corporation at the time he loaned the book, and where the fact that he had done so was known to the vice-president of the corporation, and consequently to the corporation, for a year before he was discharged.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ROBERT W. WRIGHT, Judge, presiding.

HOSEA W. WELLS, for appellant.

COLSON & JOHNSON, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an action of assumpsit brought in the superior court of Cook county by Arthur W. Whitcomb against the Butterick Publishing Company to recover damages for a wrongful discharge on a contract of hiring. The declaration set out the contract in legal effect in the first count and

*in hæc verba* in the second, and averred a wrongful discharge. The only plea filed was non-assumpsit, and a trial by jury was had resulting in a verdict in favor of plaintiff below of $3940, upon which the court rendered judgment after overruling motions for a new trial and in arrest of judgment. Upon appeal to the Appellate Court for the First District the judgment was affirmed. By further appeal the judgment is brought before this court for review.

Omitting the merely formal parts, the contract sued on is as follows:

"Mr. Whitcomb is to begin service for the company January 2, 1899, and is to be employed as manager of local agencies for the said company at Chicago, Illinois, the salary for the first six months to be at the rate of forty (40) dollars per week, for the second six months at the rate of forty-five (45) dollars per week. It is mutually understood that the said position here given Mr. Whitcomb is for a period of five (5) years, and any advance of salary he may receive during said term from the said company are not to abrogate the duration of this agreement. Lunches, car fares and other expenses incidental to traveling in and about Chicago to be allowed Mr. Whitcomb by said company during the term of this agreement. The ability and willingness of Mr. Whitcomb to perform the duties of his position are also a part of the essentials of this agreement. A vacation of two or three weeks to be allowed Mr. Whitcomb by said company without loss of salary during the summer season, when he can best be spared from the duties of his position.

"In witness whereof, we, the Butterick Publishing Company, Limited, of New York, N. Y., by its president, and Arthur W. Whitcomb, of Detroit, Michigan, have hereunto set their hands and seals this twenty-first day of December, A. D. 1898.

THE BUTTERICK PUBLISHING CO., Ltd.,
R. S. O'Loughlin, *Pres.* (Seal.)
A. W. WHITCOMB.          (Seal.)"

The first contention of appellant is that the above contract is unilateral, in that there is no obligation on appellee to serve for the period of five years or any other length of time. Appellant's argument proceeds upon the assumption that there is no obligation resting upon appellee to do anything except to "begin service for the company," and that there is no promise or agreement on appellee's part to continue his

service to the company for any specified time. There is no doubt as to the rule of law that there must be mutuality in a contract; that is, it must be binding upon both at the same time if it is to be deemed valid and enforcible as to either. (*Weaver* v. *Weaver*, 109 Ill. 225; *Vogel* v. *Pekoc*, 157 id. 339.) But whether the contract in the case at bar is void for the want of mutuality must be determined as a question of construction, from a consideration of the language and expressions which the parties have employed in the instrument. The agreement above set out recites that "Mr. Whitcomb is to begin service for the company January 2, 1899, and is to be employed as manager of local agencies for the said company at Chicago, Illinois." Then, omitting the clause in relation to his salary, the contract recites: "It is *mutually* understood that said position here given to Mr. Whitcomb is for a term of five years, and any advance of salary he may receive * * * are not to abrogate the duration of this agreement." The word "mutually" in the clause above quoted from the contract means reciprocally given and received. It means an interchange of promises between the parties that the thing stated is agreed to. (21 Am. & Eng. Ency. of Law,—2d ed.—241.) The above clause in the contract is equivalent to an express promise on the part of each of the contracting parties that the term of service is to be five years. Again, it is recited in the contract that "the ability and willingness of Mr. Whitcomb to perform the duties of his position are also a part of the essentials of this agreement." If the language of this contract were ambiguous as to its duration we would be justified in resorting to the evidence to ascertain what construction the parties had given the contract by their acts under it. If this be done, it clearly appears from the correspondence between the president of appellant and appellee that the contract was understood and treated as a five-year contract, by which both parties were mutually bound. The contention of appellant that the contract is void for want of mutuality cannot be sustained.

It is next urged by appellant, that, assuming the contract to be valid and mutually binding, appellant had justifiable reasons for discharging appellee. Under this contention only one matter is properly reviewable in this court. When there is no conflict in the evidence the court will determine, as a matter of law, what amounts to a legal justification for the discharge of an employee. *(Kendall v. West,* 196 Ill. 221.) Appellant had collected and published, at considerable expense to itself, a book of private instructions and a "list of agencies," which was intended for the use of persons in the employ of appellant. Appellee had been in the employ of appellant before the contract sued on in this case was made. His former employment extended from 1884 to October, 1898. For some reason not necessary here to state, all business relations between appellant and appellee were severed in October, 1898. In the regular course of its business a copy of the book issued in January, 1898, was delivered to appellee, and when his relations with appellant were severed in October of that year the book was left in the possession of appellee. Appellee then went to New York and took employment with the Standard Fashion Company, a competitor of appellant, and appellee admits that after he had been employed by the Standard Fashion Company he loaned the book to Mr. Koewing, the president of the Standard Fashion Company. Some time in February, 1900, Mr. Wilder, who describes himself as a publisher and manufacturer of paper patterns and as being connected with appellant as vice-president, charged appellee with having given a copy of appellant's list of agencies to a competitor. Appellee admitted that he had let Mr. Koewing have the book, as above stated. Nothing more appears to have been done about this matter until about February 16, 1901, when appellant delivered a letter to appellee notifying him that "for several reasons, among them constant decrease in the amount of business done by you in our behalf, we have decided to terminate business relations with you. To that end we offer you an oppor-

tunity of resigning your position with us. If you do not wish to tender your resignation you will please accept your discharge from our employ, to take effect on the day this letter is handed to you. In closing business relations the manager of our Chicago office is authorized to pay you an amount equal to four weeks' salary." The above letter was signed by appellant by its president. It is now contended that the principal reason for discharging appellee was that the vice-president had informed the president that appellee had given one of appellant's "list of agencies" to the Standard Fashion Company.

The motion of appellant for a peremptory instruction directing a verdict in its favor presents the question whether, under the above facts, the discharge was justifiable. In our opinion this is not a legal justification for two reasons: First, the list of agencies was not delivered to the Standard Fashion Company at a time when appellee was under any contract with appellant; second, the vice-president of appellant knew what appellee had done for more than a year before appellee was discharged, and notice to him must be held to be notice to appellant, and the retention of appellee in the service of appellant for such a length of time after the knowledge of the alleged delinquency is a condonation of the supposed offense and a waiver of appellant's right to discharge for that reason. 20 Am. & Eng. Ency. of Law,— 2d ed.—33; *Daniels* v. *Boston and Maine Railroad Co.* 68 N. E. Rep. 337.

The other alleged reasons for the discharge are matters depending mainly upon questions of fact and are not properly before us for decision.

Complaint is made of the instructions, but the points raised are covered by what has been said in this opinion in disposing of the merits of the case.

The judgment of the Appellate Court for the First District is affirmed.                    *Judgment affirmed.*