Thebest Laundry and Cleaning Company, Appellant,
v. Thomas E. Duffy, Jr., Appellee.

Gen. No. 39,801.

Opinion filed January 10, 1938.

GERALD TURNBULL, of Chicago, for appellant.

HENRY J. & CHARLES AARON, of Chicago, for appellee; FRANKLIN RABER, of Chicago, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against defendant to recover damages for a claimed breach of a contract entered into between the parties. Defendant's motion to strike the complaint for insufficiency was sustained, suit dismissed at plaintiff's costs and it appeals.

It is alleged in the complaint that the parties entered into a written contract January 23, 1936, which recited that plaintiff was engaged in the general laundry and dry-cleaning business at 4240 Indiana avenue, Chicago; that defendant was the owner of or controls certain laundry routes known as Midway Laundry, in Chicago, and was desirous of employing the services of plaintiff to do his laundry and dry-cleaning work; and it was agreed that defendant would collect and deliver to plaintiff at its plant each week, wearing apparel, etc., to be laundered or dry-cleaned and pressed, which business would amount to $925 a week; that defendant was to deliver the finished work to his customers in defendant's trucks. The contract further provided that defendant agreed to pay plaintiff 50 per cent of the retail prices for the work done, which might be afterward increased to 65 per cent by mutual agreement of the parties; that defendant was to have use of space adjacent to plaintiff's laundry for his trucks to load and unload the apparel and that defendant's

drivers were to have access to a certain assigned portion of the laundry for delivering and receiving the laundry and dry-cleaning work; that defendant was also to have a desk on the laundry premises and a right to install a telephone, and that plaintiff was to furnish the services of a telephone operator to receive calls and give information.

The contract further provided that plaintiff was to be paid each week for the work it performed the preceding week, pursuant to the terms of the agreement; that defendant agreed to assume all expenses connected with the laundry and dry-cleaning work and all sales expenses, and that defendant might terminate the contract by giving six months' previous notice in writing of his intention so to do; that if defendant decided to sell his laundry route business, plaintiff was granted the option to purchase the business at a price mutually agreed upon by the parties.

It is further alleged in the complaint that plaintiff, relying upon the good faith of defendant, in accordance with the terms of the agreement incurred great expense, paid out large sums of money to repair its plant, machinery and offices, to take care of the work agreed upon; that at the request of defendant it made alterations and changes in the plant, purchased large amounts of supplies such as lumber, cotton goods, etc., purchased expensive machinery which would not have been necessary except for the performance of the laundry and dry-cleaning work; that plaintiff, in making the alterations in the plant and in the purchase of the goods and machinery spent more than $3,200; that after the making of the contract defendant appeared at plaintiff's plant at various times and gave instructions as to alterations to be made in the plant and for the purchase of necessary materials by plaintiff; that defendant superintended some of such changes in regard to the space that defendant was to use to load and unload his trucks in the handling of his customers'

goods and in the laundry and dry-cleaning of them; that defendant also superintended the arrangement of the laundry for the office and for the telephone, for which plaintiff expended large sums of money; that after the execution of the contract and the making of the alterations and changes as stated, defendant refused to deliver the materials to plaintiff for cleaning and laundry work although plaintiff was ready, able and willing to perform such services, and that defendant gave no reason for such refusal.

Defendant contends that the judgment of the circuit court should be affirmed because the written contract entered into between the parties lacked mutuality and was therefore unenforceable; that by the terms of the contract plaintiff did "not agree to do the laundry work or dry cleaning which defendant promised to bring to it" and that defendant could not compel plaintiff to do the work under the terms of the contract. We think this contention cannot be sustained. While there is no express provision in the contract that plaintiff agreed to do the laundry and dry-cleaning work, we think it was clearly implied.

In *Grossman v. Schenker*, 206 N. Y. 466, the court said: (p. 469): "A contract includes not only what the parties said but also what is necessarily to be implied from what they said. (*Milliken v. Western Union Tel. Co.*, 110 N. Y. 403, 408.) Thus the words 'cash on delivery' with no other promise to pay 'imply a promise and create an obligation' to make payment upon delivery. (*Justice v. Lang, supra.*) So the word 'sold' in a written agreement implies not only a contract to sell but also a contract to buy (*Butler v. Thomson*, 92 U. S. 412, 414); and a contract to buy with no express promise to sell implies the latter obligation. (*Hudson Canal Co. v. Penn. Coal Co.*, 75 U. S. (8 Wall.) 276, 289.) 'What is implied in an express contract is as much a part of it as what is expressed' (Bishop on Contracts (2d ed.), sec. 241); for 'the law

is a silent factor in every contract' (*Long v. Straus*, 107 Ind. 94, 95.)''

In Williston on Contracts, Rev. Ed., Vol. 1, sec. 90, it is said, ''Assent may be indicated by acts as well as by words, and a manifestation which primarily indicates merely assent to receive a performance promised by the offeror may also justify an inference on the part of the offeror that the offeree undertakes to render counter-performance,'' and a number of authorities are cited, including the *Grossman* case. Moreover, we think the contract is not unilateral because it expressly provides that defendant ''is to have the use of space adjacent to the laundry for his trucks, to load and unload laundry work, and his drivers are to have access to premises of first party [plaintiff] assigned to them for delivering and receiving laundry and dry-cleaning work. Second party [defendant] is to have a desk on premises and the right to install a telephone operator to receive calls and furnish information.'' By this provision plaintiff agrees to give defendant the use of space adjacent to plaintiff's laundry for his trucks to load and unload the laundry work. He further agrees that defendant's drivers are to have access to the premises to be assigned to them where the drivers may deliver and receive laundry and dry-cleaning work, and further agrees to have a desk installed in his laundry premises, and that defendant has the right to install a telephone and plaintiff agrees to furnish the services of a telephone operator. By these agreements on the part of plaintiff, the contract is bilateral. Further, the contract also provides that plaintiff ''is to be paid each week for the work performed the preceding week, pursuant to the terms of this agreement.'' We think this provision shows plaintiff agreed to perform the laundry and dry-cleaning work. We are also of opinion the allegations of the complaint are sufficient as tending to show that it was within the contemplation of

both parties that alterations would have to be made in plaintiff's laundry plant to take care of defendant's business. It is alleged that after the making of the contract plaintiff began to make changes and alterations; that defendant appeared at the plant and gave instructions as to some of the alterations then being made in connection with the space for loading and unloading defendant's trucks and the installation of the telephone, etc.

For the reasons stated the judgment of the circuit court of Cook county is reversed and the cause is remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

McSurely and Matchett, JJ., concur.