William P. Hillman, Jr., Plaintiff-Appellant, v. Hodag
Chemical Corporation, an Illinois Corporation, Defendant-Appellee.

Gen. No. 51,757.

First Judicial District.

June 5, 1968.

William D. Maddux, John M. O'Connor, Jr., of Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago, for appellant.

Bernard Perel and Jerome H. Torshen, of Chicago (Fred J. Ginsburg and Jerome H. Torshen, of counsel), for appellee.

CULBERTSON, J.

This action, based upon a written contract of employment, was brought in the Circuit Court of Cook County by William P. Hillman, Jr., plaintiff, against Hodag Chemical Corporation, defendant, to recover damages for wrongful discharge. A jury returned a verdict of $10,000 for plaintiff and judgment was entered thereon. Upon post-trial motion of defendant, however, the trial court set aside the verdict and judgment, and dismissed the action, on the ground that the contract was unenforceable for lack of mutuality. Relief on all other grounds advanced in defendant's motion, including an allegation that the evidence disclosed plaintiff had been justifiably discharged for cause, was expressly denied. Consistent with its ruling of an unenforceable contract, the trial court also denied plaintiff's motion for a new trial on the issue of damages only. Plaintiff has appealed from both post-trial orders.

The initial issue presented for determination is whether the contract between the parties is unenforceable for lack of mutuality and, in such regard, the contract sued upon is in letter form as follows:

"December 28, 1961

Mr. William P. Hillman, Jr.
195 Boulevard
Mountain Lakes, N. J.

Dear Mr. Hillman:

This letter will confirm my conversation with you today.

Hodag Chemical Corporation of Skokie, Illinois, will employ you to perform such functions

as assigned for two years minimum and at $15,-400 per year.

This employment begins today.

Very truly yours,
Hodag Chemical Corporation
/s/ Sheldon E. Kent
Sheldon E. Kent, President

Agreed:
/s/ 12/28/61

/s/ William P. Hillman Jr.
William P. Hillman, Jr."

 There can be no doubt that mutuality of obligation is necessary to the establishment of a valid employment contract (Kelly v. Great Lakes Dredge & Dock Co., 203 Ill App 207), mutuality of obligation meaning that both parties are bound or neither is bound (Farmer's Educational & Co-operative Union of America v. Langlois, 258 Ill App 522, 524), and it has long been settled that a contract must be binding upon both parties at the same time if it is to be deemed valid and enforceable as to either. (Lancaster v. Roberts, 144 Ill 213, 33 NE 27; Vogel v. Pekoc, 157 Ill 339, 42 NE 386.) Mutuality, or the lack of it, must be determined as a matter of construction from a consideration of the language employed by the parties in their contract (Butterick Pub. Co. v. Whitcomb, 225 Ill 605, 80 NE 247), and our courts are in accord that mutuality of obligation may be implied as well as expressed in the agreement of the parties. (Thebest Laundry & Cleaning Co. v. Duffy, 293 Ill App 252, 12 NE2d 235; Cook Master, Inc. v. Nicro Steel Products, Inc., 339 Ill App 519, 90 NE2d 657.)

In the present case it is defendant's contention that the contract is unilateral in that plaintiff has no obligation to remain in the employ of defendant for two years, or any other length of time, but in fact "reserved the right to terminate his employment at any time." Therefore, reasons defendant, since the contract cannot be enforced against plaintiff, he cannot enforce it against the defendant. We cannot concur in defendant's construction of the contract. It is inconsistent, not only with the express language of the contract, but also, if there was a need to resort to them in order to determine the intention of the parties, with the circumstances surrounding the execution of the contract. The word "agree" is defined in Black's Law Dictionary, 3rd ed, p 83, as meaning: "To concur; to come into harmony; *to give mutual assent;* to unite in mental action; *to exchange promises;* to make an agreement; to arrange; to settle." (Emphasis added.) Again, while considering the effect of the word "agree" in an employment contract, the eminent Mr. Justice Cardozo stated in Moran v. Standard Oil Co. of New York, 211 NY 187, 105 NE 217, at 220: "The plaintiff 'agrees' to serve for five years. The defendant 'agrees' to pay him at certain rates. The very word 'agreement' connotes a mutual obligation. Benedict v. Pincus, 191 NY 377, 383, 384, 84 NE 284. There may be a 'promise' to serve without a promise to employ, but there can be no 'agreement' for service without mutuality of rights and duties."

■ In the contract here the word "Agreed" preceded the plaintiff's signature. When we accord to that word its ordinary and accepted meaning, it was the equivalent of a promise on the part of plaintiff to obligate himself for a minimum of two years' employment with

defendant. (Cf. Butterick Pub. Co. v. Whitcomb, 225 Ill 605, 80 NE 247; Illinois Life Ins. Co. v. Beifeld, 184 Ill App 582, 592; Thornton v. Kelly, 11 RI 498.) It is our opinion the contract imposed mutual obligations, and that the trial court erred in holding to the contrary.

■ Since the question of whether plaintiff was properly discharged for cause has not been preserved for review, there remains for consideration only the question of whether the plaintiff is entitled to a new trial on the issue of damages. Plaintiff was discharged in May, 1962, after having been paid $5,150.40, and, at the contractual rate of $15,400 per year, was thus deprived of $25,649.40. From the record it appears that his earnings for the balance of 1962 came to but $236.50, and that he did not secure steady employment until March 15, 1963, for which he had been paid a total of $8,469.86, when the two-year period of the contract with defendant would have expired. Based upon these figures, it is plaintiff's theory that he was entitled to damages of $17,179.74, and that we should either enter judgment here for such amount, or remand the cause for a new trial on the issue of damages. For the defendant, it is urged that the verdict was an obvious compromise verdict which tainted the jury's determination on the issue of liability, and that a new trial should be ordered upon all issues. See: Kinsell v. Hawthorne, 27 Ill App2d 314, 320, 169 NE2d 678; Paul Harris Furniture Co. v. Morse, 7 Ill App2d 452, 473–474, 130 NE2d 16.

We note, however, that the jury was instructed as follows: "The measure of plaintiff's damages is to be determined by the salary amount stated in the contract for the period stated less actual payment received by plaintiff to the date of discharge and less any amount

earned from other employment during the period covered by the contract *or by reasonable diligence he could have earned in other employment subsequent to his discharge.*" (Emphasis added.) The jury was thus not confined to the precise mathematical calculation upon which the plaintiff now relies. Plaintiff did not become employed until ten months after his discharge by defendant and, in our opinion, the state of the record is such that the jury's verdict may be accounted for by the jurors' conclusion that plaintiff did not exercise reasonable diligence to diminish his damages.

Accordingly, and for the reasons stated, the order of the Circuit Court of Cook County denying plaintiff a new trial on the issue of damages is affirmed; however, the order of the court setting aside the verdict and judgment for plaintiff is reversed, and the cause is remanded with directions that judgment be entered for plaintiff in the amount of the verdict.

Affirmed in part; reversed in part and remanded with directions.

ALLOY, P. J. and STOUDER, J., concur.