STANLEY G. BORYS *et al.*, Plaintiffs-Appellants, *v.* JOSADA BUILDERS, INC., *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 81—760

Opinion filed October 27, 1982.

Werner E. Hintz, of Chicago, for appellants.

Beermann, Swerdlove, Woloshin, Barezky & Berkson, of Chicago (Miles N. Beermann, Howard A. London, and William Woloshin, of counsel), for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiffs, Stanley G. Borys and Paul Raymond Olson, each entered into an agreement with defendants, Josada Builders, Inc., and American National Bank & Trust Company of Chicago, as trustee under Trust No. 43847, for the purchase of a new construction condominium unit. Plaintiffs subsequently brought suit to have the agreements rescinded and their earnest money returned. Defendants' motion to dismiss the complaint for failure to state a cause of action was granted, as was a similar motion made in regard to the first amended complaint. On appeal plaintiffs contend that (1) they alleged a valid cause of action under section 22 of the Condominium Property Act; (2) they adequately alleged that the purchase agreements were not supported by consideration and (3) they are each entitled to a purchaser's lien and an accounting. We affirm.

Plaintiffs entered into virtually identical agreements with defendants for the original purchase of condominium units in buildings being developed by defendants. Prior to closing, plaintiffs sent defendants a letter in which they gave notice that they were rescinding their agreements pursuant to section 22 of the Condominium Property Act and, alternatively, because defendants failed to give any consideration to support the contracts. Plaintiffs requested that their earnest money be returned. In response, defendants wrote plaintiffs that they were declaring a default on the contracts and, pursuant to the terms of the contracts, all sums paid by plaintiffs were forfeited to defendants as liquidated damages. Plaintiffs then filed the present action.

Plaintiffs first argue that their first amended complaint should not have been dismissed because they stated a valid cause of action under the Condominium Property Act (Ill. Rev. Stat. 1979, ch. 30, par. 301 et seq.) by alleging that defendants failed to comply with section 22 of the Act. This provision requires that where an initial sale or offering for a sale is made, the seller must make full disclosure of and provide copies to prospective buyers of certain information, including the declarations. (Ill. Rev. Stat. 1979, ch. 30, par. 322(a).) Section 22 further provides that if this information is not available at the time the contract for sale is executed, then the contract is voidable at the option of the buyer up until five days after the last item of required informa-

tion is furnished to the prospective buyer, or until the closing of the sale, whichever is earlier. If a seller fails to make full disclosure as required by this section, then the buyer is entitled to rescind the contract and receive a refund of all deposit moneys paid plus interest. Ill. Rev. Stat. 1979, ch. 30, par. 322.

It is undisputed that defendants here provided plaintiffs with copies of the declaration as required by section 22. Rather, the dispute focuses on the following language in the declaration:

> "*Plat.* The Plat of Survey of the Development Parcel and of all Units in the Property submitted to the provisions of the Act, *which Plat is attached hereto as Exhibit B and by reference expressly incorporated herein and made a part hereof* and recorded and filed concurrently with the Registration of this Declaration with the Cook County Registrar of Titles." (Emphasis added.)

According to plaintiffs' allegations, the plat was thereby made a part of the declaration, and since they never received copies of the plat, they were entitled to rescind their contracts under section 22. We disagree.

Initially, we note that section 22 does not require a seller to provide a prospective buyer with a plat of survey prior to or at the time the sales contract is executed. Moreover, we agree with defendants that the provision quoted above did not require that the plat be included in the declaration. The index to the declaration states: "*Exhibit B*—Plat of Survey (attached only to original Declaration filed with the Registrar of Titles of Cook County, Illinois)." Reading the document as a whole, it is clear that the declaration did not require defendants to provide plaintiffs with a copy of the plat as part of the declaration itself. Additionally, a handwritten addition to plaintiff Borys' contract and a typewritten addition to plaintiff Olson's contract state that defendants will give each plaintiff "a survey of the development and his unit as shown in the exhibit to the condominium declaration" at the time of closing. According to the affidavit of the president of defendant Josada Builders, at the time the contract was executed no plat of plaintiffs' condominium units could be prepared because they were not yet under construction. The president further stated that the provision requiring defendants to give each plaintiff a copy of the survey at the closing was added at each plaintiff's request. Since plaintiffs did not file counteraffidavits, these allegations must be taken as true. (*Denton Enterprises, Inc. v. Illinois State Toll Highway Authority* (1979), 77 Ill. App. 3d 495, 507, 396 N.E.2d 34, 43.) It is clear that plaintiffs were aware that the plat was not in-

cluded in the declaration and that they agreed to wait until their closing to receive copies of the plat. Thus, the pleadings together with defendants' uncontradicted affidavit show that defendants violated neither the letter nor the spirit of section 22, and plaintiffs' cause of action as it relates to section 22 was therefore properly dismissed.

Next, plaintiffs argue that they adequately alleged that they were entitled to a return of their earnest money because their contracts were not supported by consideration. In their first amended complaint, plaintiffs alleged that the contracts were entirely optional as to defendants and that the contracts were therefore "illusory and lacking mutuality." Defendants, in their motion to dismiss, alleged that they were obligated by the contract to sell plaintiffs condominium units and did not have an option not to perform.

Mutuality of obligation means that both parties to an agreement are bound or neither is bound. The presence or absence of mutuality must be determined by construing the language used by the parties in their contract. Mutuality of obligation may be implied as well as expressed. (*Hillman v. Hodag Chemical Corp.* (1968), 96 Ill. App. 2d 204, 207, 238 N.E.2d 145, 147.) Neither party is bound by an executory contract where mutuality of obligation is lacking because one of the parties has the right to arbitrarily terminate the contract. *Gardiakos v. Vanguard Communications, Inc.* (1976), 38 Ill. App. 3d 937, 939, 350 N.E.2d 210, 212.

Plaintiffs' allegations that the contracts lacked mutuality are based on the following provision:

"DEFAULTS

If the Buyer shall fail to make any payment herein provided for within five (5) days after such payment is due, or should fail or refuse to perform any other material obligation of the Buyer under the terms of this Contract and any supplemental agreements which may be made a part hereof, then at the option of Seller all sums theretofore paid shall be forfeited as liquidated damages and shall be paid to or retained by the Seller, or the Seller may elect any other available remedy. In the event the Seller shall fail or be unable to deliver title to the Unit Ownership as herein provided on account of title defects which Buyer is unwilling to accept, this Contract shall be terminated and all funds paid or deposited by the Buyer shall be returned forthwith to the Buyer, without interest. The liability of Seller shall be limited to the return of Buyer's deposit."

According to plaintiffs, neither this clause nor any other provision in the contract imposes an express obligation on defendants to obtain

the quality of title required as a condition of sale. Therefore, plaintiffs argue, because defendants can control the quality of the title, and their liability if they fail to acquire adequate title is limited to funds paid or deposited by plaintiffs, to which plaintiffs would be legally entitled in any event, defendants are free to perform or not perform at will. We believe that these allegations are insufficient to withstand the motion to dismiss.

It is well established that every contract contains an implied promise of good faith and fair dealing between the contracting parties (*Foster Enterprises, Inc. v. Germania Federal Savings & Loan Association* (1981), 97 Ill. App. 3d 22, 29, 421 N.E.2d 1375, 1380; *Spircoff v. Spircoff* (1979), 74 Ill. App. 3d 119, 127, 392 N.E.2d 363, 369), and where an instrument is susceptible of two conflicting constructions, one which imputes bad faith to one of the parties and one which does not, the latter construction should be adopted. (*Martindell v. Lake Shore National Bank* (1958), 15 Ill. 2d 272, 286, 154 N.E.2d 683, 690; *Bonner v. Westbound Records, Inc.* (1979), 76 Ill. App. 3d 736, 744, 748, 394 N.E.2d 1303, 1309, 1311.) The provisions of the contracts before us, when read as a whole and interpreted in light of this good faith requirement, establish mutuality of obligation.

■■ The contracts specifically state that "Seller agrees to sell or cause to be sold the Unit Ownership [of the designated apartment unit plus common elements] to Buyer and Buyer agrees to purchase the Unit Ownership from Seller, on the terms and subject to the conditions herein contained." In addition to this express promise to sell, the contract provides that the "Seller agrees to cause the Unit Ownership to be conveyed to Buyer" subject only to certain standard, enumerated exceptions such as real estate taxes, the declaration, and zoning ordinances. These clauses, when read in view of the entire contract and construed, as they must be, as requiring the parties to act in good faith, plainly refute plaintiffs' allegations that defendants have the right to arbitrarily decide not to sell by not providing an adequately clear title. Although the contract does provide that "[n]o *** promises other than those specifically expressed herein whether oral, implied or otherwise, shall be considered a part of this transaction," this general language cannot eliminate the implied promise to act in good faith which is an integral and necessary part of contract law. Defendants were clearly obligated to obtain the quality of title required under the contract so that the sale could be consummated. (Compare *Hunt v. Smith* (1891), 139 Ill. 296, 28 N.E. 809.) Therefore, since it clearly appears that no set of facts could be proved under the

pleadings which would entitle plaintiffs to relief (see *Felbinger & Co. v. Traiforos* (1979), 76 Ill. App. 3d 725, 733, 394 N.E.2d 1283, 1289), the court did not err in granting defendants' motion to dismiss the first amended complaint.

Since plaintiffs have failed to allege any facts which would entitle them to relief against defendants, we need not address plaintiffs' arguments that they are entitled to the equitable remedies of a purchaser's lien and an accounting.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

WHITE, P.J., and McNAMARA, J., concur.