CHARLES LIKENS, Indiv. and on behalf of a class of persons similarly situated, Plaintiff-Appellee, v. INLAND REAL ESTATE CORPORATION, Defendant-Appellant.

First District (4th Division)   No. 1—87—3220

Opinion filed March 9, 1989.—Rehearing denied June 19, 1989.

Richard J. Brennan and John M. O'Malley, both of Winston & Strawn, of Chicago, for appellant.

Hall Triplett, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

This is an appeal from that portion of the summary judgment order of the circuit court of Cook County holding that a provision in a lease that allowed defendant, Inland Real Estate Corporation, to retain money deposited by plaintiff, Charles Likens, is unenforceable as a penalty. The sole issue presented for review is whether an agreement between the parties that provided defendant the right to retain plaintiff's deposit in certain circumstances is enforceable as liquidated damages or is unenforceable because it is a penalty.

We reverse.

On August 11, 1984, plaintiff gave defendant $359 along with his application to lease the apartment in question. The lease was to run slightly less than one year for the first year. Only one year prior to his submittal of this application, plaintiff had completed the same application form to rent another apartment from defendant. The following provision was contained in both applications:

"I also agree that if I am accepted and fail to complete this transaction by signing your lease, my entire deposit will be for-

feited to you. I understand that this application is subject to your approval, and if my application is not accepted, my deposit will be returned in full."

After plaintiff's first application was approved, he entered into a one-year lease with defendant which started October 1, 1983, and ran through September 30, 1984. Plaintiff's second application was approved August 14, 1984. He was scheduled to move into the new apartment on October 13, 1984.

On October 18, 1984, defendant learned that plaintiff did not intend to rent the new apartment. After plaintiff's refusal to execute the lease or take possession of the apartment, defendant retained the $359 as liquidated damages pursuant to their agreement.

On May 5, 1986, plaintiff filed a five-count complaint against defendant to recover the $359. Plaintiff alleged conversion, breach of implied contract, willful and wanton conduct, and breach of fiduciary duty. In the fifth count, plaintiff requested leave to proceed as a class action.

Defendant then filed a motion for summary judgment on October 15, 1986. On October 16, 1986, plaintiff filed a motion for declaratory judgment or partial summary judgment. Partial summary judgments were granted to both parties. The court held, pursuant to *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, that the parties' agreement was valid and enforceable. The court also found that defendant was not entitled to retain the $359 as the damages provision was an unenforceable penalty. There was no determination made with respect to the class action issue.

Defendant appeals on the basis that the agreement contained a valid liquidated damages provision which the court should have found enforceable.

As a threshold matter, the trial court found that the application to lease was valid. The court noted that, although these application agreements are standard within the residential leasing field, there is virtually no case law dealing with the enforceability of the damages provisions contained in such agreements.

In finding defendant's application to be valid, the court cited to *Steinberg*, which found an application to medical school to be enforceable under basic contract principles. (*Steinberg*, 69 Ill. 2d at 329-34.) Plaintiff, in the case at bar, reasons that the application in this case is unenforceable since there was no manifestation of mutual assent which would allow the defendant to retain the $359. Plaintiff interprets their agreement as only covering his assent to have defendant appraise plaintiff's application.

Plaintiff reasons that there can be no contract if there was no mutual assent to defendant's retention of the $359. If there is no contract there can be no breach and therefore no damages, actual or liquidated. Hence, defendant's liquidated damages provision is unenforceable.

■■ We are not persuaded that plaintiff only assented to having his application appraised by defendant. A subjective understanding of the parties cannot be interpreted as a lack of mutuality. The conduct of the parties will suffice to show agreement to the terms of the contract. *Joseph v. Lake Michigan Mortgage Co.* (1982), 106 Ill. App. 3d 988, 992.

■■ Plaintiff's conduct may be interpreted as a manifestation of his agreement to the terms of the damages provision. He was familiar with defendant's application process as evidenced by his acceptance and completion of the same application with the same provision the previous year. Further, the record reveals that plaintiff was aware and accepted the fact that his $359 would be retained should he fail to execute the lease and take possession of the apartment. We, therefore, find that there was mutual assent to the provision in question.

Plaintiff next contends that the agreement was invalid since there was no mutuality of obligation. Plaintiff argues that he unilaterally agreed to forfeit his entire $359 should he fail to complete the transaction in question, whereas defendant promised nothing other than to hold plaintiff's $359. According to plaintiff, defendant was not bound to perform. Defendant's promises were, in other words, illusory.

Defendant responds to this allegation by pointing out that it is defendant's policy to reserve a specific apartment for a prospective tenant exclusively while the application is being processed. It argues that it was obliged to and did appraise plaintiff's application and took the apartment off the market during this appraisal period. Defendant further argues that if plaintiff's application was declined defendant would be obligated to return plaintiff's money.

■■ Plaintiff argues that this policy or promise must be express. The fact that defendant's policy or an express promise to hold a specific apartment is not contained in the agreement is not a prerequisite for a finding of mutuality of obligation. As defendant correctly points out, mutuality of obligation may be either implied or express. *Borys v. Josada Builders, Inc.* (1982), 110 Ill. App. 3d 29, 32.

■■ Simply because the application did not contain a provision that the lessor will hold a residential space for a prospective lessee does not mean that the lessor is free to act in bad faith by refusing to lease the space should the application be approved. Good-faith dealing

is implied in every contract. (*Borys*, 110 Ill. App. 3d at 33.) Contracts when read as a whole and interpreted in accordance with this good-faith requirement establish mutuality of obligation. *Borys*, 110 Ill. App. 3d at 33.

■ Similarly, defendant's policy of reserving a specific apartment for prospective tenants, although not expressed in the agreement, is sufficient to establish mutuality of obligation.

■ We will now address the issue of whether the provision in the application is void as a penalty or enforceable as liquidated damages. It has been held that a deposit by a party pursuant to a provision in a contract and a stipulation that the amount deposited shall be retained in the event of default shows an intent to liquidate the damages and will be so enforced unless the provision is in the nature of a penalty. See *Joseph v. Lake Michigan Mortgage Co.* (1982), 106 Ill. App. 3d 988.

■ The test for determining whether a liquidated damages provision is valid or void as a penalty is found in section 356 of the Restatement (Second) of Contracts. (*Pav-Saver Corp. v. Vasso Corp.* (1986), 143 Ill. App. 3d 1013, 1018.) The section provides:

> " 'Damages for breach by either party may be liquidated in the agreement but only at an amount that is reasonable in the light of the anticipated or actual loss caused by the breach and the difficulties of proof of loss. A term fixing unreasonably large liquidated damages is unenforceable on grounds of public policy as a penalty.' [Citation.]" *Pav-Saver*, 143 Ill. App. 3d at 1018-19, quoting Restatement (Second) of Contracts §356 (1981).

Plaintiff argues that there is a strict bar against retaining security deposits as liquidated damages in residential lease agreements. We disagree.

First, as a matter of clarification, we are not convinced that the money retained is in fact a security deposit. Defendant asserts that it was to be converted into a security deposit after the lease was signed. At oral argument, counsel for defendant stated that it was defendant's policy not to convert the money retained into a security deposit until after the lease is signed. Counsel also stated that he believed that this was also the policy and practice within the industry.

■ Second, even assuming, *arguendo*, that the money is a security deposit, we believe that the enforceability of the provision must still be evaluated. It is well settled that there is no fixed rule pertaining to all agreements—each must be evaluated, to a great extent, by its own particular set of facts and circumstances. *Gobble v. Linder* (1875), 76 Ill. 157, 159.

As the trial court aptly pointed out, there are literally no cases dealing with the enforceability of damages provisions such as defendant's, even though these application agreements are used almost universally. The numerous cases plaintiff uses to support his theory that liquidated damages provisions are as a rule not enforceable in these types of agreements are all factually distinguishable from the case at bar. Further, none of plaintiff's cases states that there is a strict rule barring enforceability of liquidated damages provisions in such agreements.

We are also not persuaded, as defendant suggests, that we should adopt a rule that has been used in real estate sales contracts where earnest money is retained by the seller in the event of default by the buyer. (*First National Bank v. Oldenburg* (1981), 101 Ill. App. 3d 283, 292.) The better approach is to evaluate the provision under the test established in the Restatement (Second) of Contracts. *Pav-Saver*, 143 Ill. App. 3d at 1018-19.

■■ Under the test, the agreed-upon amount must be reasonable in light of the anticipated loss and actual damages must be difficult to ascertain. We find that $359, or what would be the equivalent of 8% of one year's rent, is not unreasonable. Rent was set at $359 per month. The lease was to run for less than one year in plaintiff's case. Defendant alleges that he kept the apartment off the market for slightly more than two months. Damages in the amount of one month's rent is certainly not excessive in this case.

We also agree with defendant that at the time the agreement was entered into it would have been difficult to ascertain the length of time it would take to find another suitable tenant in the event plaintiff failed to rent the apartment. We find, therefore, that the liquidated damages provision was enforceable and not void as a penalty.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

LINN and McMORROW, JJ., concur.