[Civ. No. 92. Second Appellate District.—January 2, 1900.]

## W. H. CARLIN, Respondent, v. M. LIFUR, Appellant.

BROKER TO SELL LAND—COMMISSION WHEN EARNED—TENDER OF PRICE. A broker, properly authorized in writing to sell a piece of land for a commission, becomes entitled thereto when he has found and brought to his principal a party who is ready, able and willing to buy, and who orally offers in good faith to buy at the terms stated in the written authorization to sell. A formal tender of the price by the intended purchaser was unnecessary until the principal had evinced some disposition to accept it.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. D. K. Trask, Judge.

The facts are stated in the opinion of the court.

Lee, Scott, Bailey & Chase, for Appellant.

McNutt & Hannon, for Respondent.

GRAY, P. J.—This action is brought to recover $1,000 as commission on the sale of certain land. The findings and judgment were in favor of the plaintiff in the sum claimed, and the defendant appeals from said judgment, and from an order denying him a new trial.

The complaint was based upon a written contract quoted as follows:

"Los Angeles, Cal., Jan. 14, 1903.

"Mr. W. H. Carlin.

"Dear Sir—I hereby authorize you to sell my land in section 17 and 18, Twp. 1 S. R. 12 W., S. B. M., containing 309 acres, at $125 per acre, and if sold by February 1, 1903, will give you a commission of $1,000.

"Yours, etc.
"M. LIFUR."

The findings of the court are to the effect that the plaintiff found a purchaser for the land in the firm of Clark & Bryan, who offered within the time limited in the contract to purchase the land on the terms named, and received from that firm their check in favor of defendant for $1,000 as evidence of their good faith in agreeing to buy the property; but the defendant refused to accept the check and refused to carry out the written contract.

The main contention of appellant is that the contract recited in the complaint was modified and changed by subsequent oral agreement so that defendant was to reserve the growing crops and somewhere from ten to twenty-five acres of land out of the three hundred and nine acres, together with the house and other improvements thereon. The findings were against defendant on this point, as they were upon all others. And the contention is that the trial court drew an improper deduction from the evidence in so finding. We cannot concur in this contention. We think it is more reasonable to say that all the talk between the parties as to reservations of crops, improvements, and a small acreage of the land was had in connection with a much less cash offer for the property than the price named in the written contract, and that there was no suggestion on the part of the defendant

that he did not consider himself bound by the terms of the written contract until after he had learned that Clark & Bryan were willing to take the property and pay for it according to those terms. It would illustrate no proposition of law and would serve no useful purpose to here quote the evidence at large or attempt to answer appellant's arguments based on his view of it. We deem it sufficient to say that we have carefully examined the evidence and are satisfied with the construction placed upon it by the trial judge. In our view, the findings are each and all amply supported by the evidence. Clark & Bryan gave every evidence that a firm could well give that they wanted the property and were willing and anxious to take it on the terms stated in the written contract. They were dealing in real estate and were worth over half a million dollars. When the defendant found that he could get his price he wanted more, as men frequently do, and then he endeavored to evade the written contract and add to it the numerous reservations that he had previously suggested in connection with oral offers of a less amount for the property.

It was not necessary for plaintiff to make an actual sale to earn his commission. He could not actually sell without the concurrence of defendant. When he found and brought to defendant parties ready, able, willing, and anxious to buy and who orally offered in good faith to buy at defendant's price, named in the written contract, plaintiff was entitled to his commission as agreed. A formal tender of the price was unnecessary until defendant should evince some disposition to accept it. This he did not do, but rejected the check and insisted on all these reservations and would not accept the offer of the written price even when the intending purchasers offered to allow him to take off the growing crop. The fact is the defendant spoiled a trade that the plaintiff had already made for him and had no defense to the suit for commissions. There was no evidence whatever of bad faith on the part of plaintiff.

Some complaint is made as to the rulings of the court in the admission and rejection of evidence. We have examined these and do not think they are of sufficient importance to warrant further discussion.

The judgment and order are affirmed.

Allen, J., and Smith, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 1, 1906, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 28, 1906.