[Civ. ·No. 6141. First Appellate District, Division Two.—May 7, 1928.]

GILBERT T. HOUSE, Appellant, v. WALTER H. COOK, Respondent.

Van Lee Hood for Appellant.

J. Edward Johnson for Respondent.

NOURSE, J.—Plaintiff sued to recover the sum of $10,800 claimed to be due under an express contract for services rendered to defendant in securing a purchaser for real property owned by the defendant. The cause was tried before the court sitting without a jury and resulted in a judgment for the defendant, from which the plaintiff has appealed on a typewritten transcript.

The amended complaint upon which the cause was tried alleged that the parties executed a written instrument on January 21, 1922, wherein defendant promised to pay plain-

tiff $10,800 for services rendered by plaintiff "in connection with the sale by the plaintiff of certain real property," and that no part of said sum had been paid. At the close of plaintiff's case he obtained leave of court to file an amendment to this complaint in which he alleged that the contract had been fully performed except in so far as performance had been prevented by the defendant. The answer denied the execution of any contract on January 21, 1922, and alleged that on January 23, 1922, he executed a contract with plaintiff, but denied that he promised therein to pay plaintiff any sum for services rendered by plaintiff or that any services had been rendered by him. As a special defense it was pleaded that on January 18, 1922, the parties executed a contract in writing wherein defendant engaged plaintiff to sell the lands described and agreed upon the compensation to be paid; that defendant, relying upon plaintiff's representations that they were able and willing purchasers, entered into a contract of sale with parties presented to him by plaintiff; that thereafter, on January 23, 1922, plaintiff and defendant entered into a contract providing the manner of payment of compensation to plaintiff, which contract is pleaded in full. This amendment to the answer was filed over objection of the plaintiff after all testimony was in.

The trial court found that no contract was executed on January 21, 1922, as alleged in the complaint; that the defendant executed the contract pleaded in his amendment to his answer on January 23, 1922, but that said contract was not delivered to plaintiff; that plaintiff took possession of it without defendant's knowledge or consent; that it was executed on the part of defendant upon misrepresentation of plaintiff, and was without consideration. It was also found that the purchasers did not pay the sum of $108,950; that they were not at any time ready, willing, and able to purchase the property; and that performance of the contract relied on by the plaintiff was not prevented by the defendant.

Some confusion has arisen because of the two contracts mentioned and because of the frequent amendments to the pleadings and this confusion has been carried into the findings. Because of this the appellant has advanced a number of technical points in his attack upon the findings,

claiming that the trial court failed to find upon material issues, that the pleadings are inconsistent, and that the findings are inconsistent with the pleadings. We are not disposed to give consideration to the points raised because it would not avail the plaintiff anything if the findings were changed to meet his demands, as, upon the undisputed facts of the case, the judgment must be affirmed.

These facts are that on January 18, 1922, the parties executed a written contract wherein respondent agreed to pay appellant the sum of $10,800 out of the money coming in from the sale of respondent's property after the sum of $108,950 had been so paid. On January 21st respondent executed a contract of sale of the property to the purchasers secured by appellant upon the terms proposed. On January 23d appellant, upon the representation that his commission contract of January 18th contained an error in the description of the property, presented to respondent another writing which he represented to be the same as the former except as to this error. The respondent signed this writing on this representation, but without reading it, and left the paper with his contract of January 18th in his office without out delivering either to appellant. While he was out of the office appellant obtained possession of both papers and appellant later discovered that the writing of January 23d provided for the payment of compensation to appellant after $60,000 had been paid in instead of $108,950, as provided in the original contract. Though the original contract has been lost or destroyed the undisputed evidence is that it provided no compensation to appellant until $108,950 was paid on the purchase price, and, as the evidence fully sustains the finding as to the manner in which the second paper was signed, the appellant must recover, if at all, upon the original contract of January 18th.

This leaves but a single question of law to be determined—when the broker's contract with the owner provides for the payment of a commission only when a certain portion of the purchase price has been paid to the owner, is he entitled to any compensation for procuring a purchaser if the stipulated portion of the purchase price is not paid? The authorities are uniform that a broker is not entitled to any commission under such circumstances unless the vendor by his own acts prevents the consummation of

the sale or the payment of the stipulated purchase price. (*Ford* v. *Brown,* 120 Cal. 551, 553 [52 Pac. 817] ; *Fiske* v. *Soule,* 87 Cal. 313, 323 [25 Pac. 430] ; *McPhail* v. *Buell,* 87 Cal. 115, 146 [25 Pac. 266] ; *Beckwith-Anderson L. Co.* v. *Allison,* 26 Cal. App. 473, 476 [147 Pac. 482].)

When, however, a vendor agrees to pay a broker *pro rata* commissions as payments on the purchase price are made the entire commission becomes due when the vendor puts it out of his power to receive the stipulated payments. (*Ratzlaff* v. *Trainor-Desmond Co.,* 41 Cal. App. 586, 594 [183 Pac. 269].)

Here the trial court found that the vendor had not prevented or made impossible performance. The evidence is that the contract called for a flat commission of $10,800 when the sum of $108,950 was paid for the property. It did not mention the names of the purchasers procured by appellant and did not make the commission contingent upon payment of the purchase price by any particular individual. If the vendor and the vendee, by mutual agreement, substituted another vendee and the latter had paid the stipulated price to the vendor the appellant would be entitled to his recovery under his contract, but this was an issue which he did not raise by pleading or proof.

Judgment affirmed.

Koford, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 5, 1928.

All the Justices present concurred.