43 So.2d 864 (1950)
SEMINOLE FRUIT & LAND CO.
v.
ROSBOROUGH-WEINER, Inc., et al.
Supreme Court of Florida, Division A.
January 17, 1950.
Rehearing Denied February 8, 1950.
Loftin, Anderson, Scott, McCarthy & Preston, Robert H. Anderson, William S. Frates and Marshall S. Scott, Miami, for appellant.
J. Lewis Hall, Tallahassee, for appellees.
TERRELL, Justice.
Appellant, hereinafter referred to as the seller, engaged appellee, a real estate broker, to sell some land. This case arose over a controversy about the amount of commission earned by the broker for making the sale. The seller filed a bill for declaratory decree, praying the court to construe the contract between the broker and the seller. On final hearing the chancellor found for the broker and the seller appealed.
The contract provided for a sale of the real estate in question for $150,000 payable, $10,000 cash upon execution of the contract, $30,000 cash upon closing the transaction, $40,000 on or before January 1, 1948, $40,000 on or before January 1, 1949, and $30,000 on or before January 1, 1950. The contract also provided that the broker be paid a commission of ten per cent in the following manner: $10,000 upon payment of the sum of $30,000 to the vendor at the closing of the contract, and the "balance of $5000 to be payable at the rate of one-eighth of subsequent principal payments made by purchaser unto seller until fully paid."
The purchaser made no payments except the $10,000 payment and the $30,000 payment detailed in the preceding paragraph. He found he could not go through with the trade so he got an extension on the payment due January 1, 1948, and undertook to *865 develop the lands in a subdivision. This attempt being fruitless, he reconveyed the property to the former owner to avoid the expense of foreclosure. He had conveyed ten lots to third parties prior to the latter conveyance.
The question for determination is whether or not the broker is entitled to collect the $5000 claimed as the balance due on commission for making the sale. This question turns on the interpretation of the quoted part of the contract  "The balance of five Thousand Dollars to be payable at the rate of one-eighth of subsequent principal payments made by purchaser unto seller until fully paid."
We think the question is ruled by Langford v. King Lumber & Mfg. Co., 123 Fla. 855, 167 So. 817. It was held in this case that payment of commission, on a contract like this, may be restricted to a "particular fund, so as to make the raising or the sufficiency of the fund a condition precedent to the liability, and in such case the promise cannot be enforced until the fund is realized, unless the failure to realize or collect the fund from which payment is made is due to the neglect, or to the unreasonable refusal to act, of the promisor, or is otherwise attributable to him." Ballas v. Lake Weir Light & Water Co., 100 Fla. 913, 130 So. 421, 427.
The part of the sales contract quoted herein limits the payment of the $5000, claimed on commission, to the "subsequent principal payments made by purchaser unto seller until fully paid." The payments were never made but the lands were reconveyed to the former owner. This was exactly what took place in Langford v. King Lumber & Mfg. Co., supra, and we held that inability to pay and reconveyance of the lands to avoid foreclosure does not constitute a payment such as will entitle an agent to payment of conditional commission.
Appellee meets this holding with the contention that the contract provided for an absolute obligation to pay commission on consummation of the agreement, or if it can be said that the appellants' obligation was conditional, the condition has been fulfilled and payment is now due. We think this contention overlooks the terms of payment named in the contract.
The judgment appealed from is therefore reversed.
Reversed.
ADAMS, C.J., and THOMAS and ROBERTS, JJ., concur.