VINNIE B. ENGEL, APPELLANT, *v.*
HARRY C. WILCOX, RESPONDENT.

No. 4160

June 11, 1959                              340 P.2d 93

*Nada Novakovich,* of Reno, for Appellant.

*Stanley H. Brown,* of Reno, for Respondent.

# OPINION

By the Court, BADT, J.:

Respondent, Harry C. Wilcox, a licensed real estate broker, obtained a judgment against appellant for a $1,000 broker's commission on sale of a parcel of land in Washoe County known as the Mt. Rose property and a $500 commission on sale of property known as the Westfield Village property. Appellant asserts insufficiency of the evidence to support the judgment.

The trial court, trying the case without a jury, found that in February 1955 appellant employed respondent to sell the two parcels; that respondent negotiated a sale of the Mt. Rose property to Joseph S. and Ruth S. Williamson upon terms and conditions agreed upon by appellant, namely, for a price of $20,000, payable $175 a month, which included 6 percent interest, with an additional $1,000 payment within one year; likewise a sale of the Westfield Village property to Floyd A. and Ida P. Anderson, upon terms and conditions agreed upon and suggested by appellant, for $15,000, payable $150 a month, which included interest at 6 percent, and with an additional $500 payable within one year; that appellant promised to pay respondent a $1,000 commission within one year on the Mt. Rose sale and a commission of $500 within one year on the Westfield Village sale. These findings are supported by the undisputed testimony of respondent.

The controversy presented to the trial court arose, after default of both purchasers, out of recitals in escrow

instructions of the parties to the two sales filed with Washoe Title Insurance Company of Reno. Such instructions, with reference to the Mt. Rose property, were signed by appellant authorizing delivery of deed upon issuance of title insurance and execution and delivery of a deed of trust securing the agreed payments. Among other provisions were included the following: "Full amount of additional [$1,000] payment on principal is to go to Harry Wilcox, Realtor, as Real Estate Commission. * * * I agree to pay [the] above $1,000 commission to broker Harry Wilcox." The Williamsons signed their agreement to the terms and conditions, which included items as to taxes, insurance, escrow fees, etc. Respondent was not a party to the escrow contract. Identical provisions were contained in the Westfield Village contract with the Andersons.

Appellant's contention in the court below and her contention before this court is that respondent's knowledge of the terms of the escrow "[make it] clear that the respondent entered into an oral agreement with the Appellant, that the commissions would be paid only out of the money to be paid by the purchaser," and, the purchasers under both escrows having failed to make the cash payments as agreed, the commissions never became payable by appellant. The learned trial judge properly rejected this conclusion. When it appeared that the respective purchasers did not have the money for the down payments that would have taken care of the broker's commissions, respondent said to appellant, "Well, if it's all right with you that way * * *, if you will defer your payment of down payment of $1,000 for one year, I will do likewise on my commission. * * *" He further testified: "I agreed to wait for payment of my commission. * * * I never had any conversation with Mrs. Engel wherein I agreed to look to Mr. Williamson for my commission." Several months later appellant said to respondent, "I didn't intend to have you wait a year for your commission, Harry, but * * * now I would have to put out some more money for the government, so I guess you'll have to wait for it." Respondent said, "That is perfectly all right with me."

There is no indication that the situation was any different with reference to the sale to the Andersons.

Appellant submits authorities in support of her contention that where it appears that commissions to the broker are payable out of the purchase money, the broker is not entitled to commissions where the purchaser defaults. The cases cited are not in point. They are cases in which the owner and the broker entered into an agreement to such effect. Here there was no such agreement. The broker was not a party to the escrow instructions. It is true that under those instructions the Williamson $1,000 payment to be made to appellant within one year would go to respondent as his commission, and the same applied to the $500 commission to be made by the Andersons. Such was the agreement between buyer and seller. In view of that situation respondent deferred for one year the commissions payable to him by the seller. The defaults of the respective buyers did not destroy the obligation of the seller to pay the broker's commissions.

"Generally speaking, a real estate broker has earned his commission when he has brought to the vendor a purchaser who is ready, willing and able to buy the property upon the terms on which the agent is authorized to sell, or when a written contract upon any terms acceptable to the seller has been entered into with a purchaser originally brought to the vendor by the agent. Alison v. Chapman, 36 Cal.App. 759, 173 P. 389. It is not necessary for the sale to be completed, under the foregoing rule, for the broker to be entitled to his commission. Carlin v. Lifur, 2 Cal.App. 590, 84 P. 292." Cochran v. Ellsworth, 126 Cal.App.2d 429, 272 P.2d 904, 909.

Error is assigned in the trial court's rulings sustaining objections to questions asked respondent on cross-examination as to whether he had consented to the terms of the escrows and as to whether or not he raised any objection to the terms of the escrow instructions. As

noted, he was not a party to such instructions. He had no occasion to consent or object. Under the agreement between the seller and buyer in each case, the buyer was permitted to defer for one year the down payment which would have been in the amount of the broker's commission, and the broker in turn deferred for one year payment to him by the seller of his commission. Under these circumstances the broker's consent to the escrow instructions and the broker's failure to object to the escrow instructions were immaterial.

Affirmed with costs.

MERRILL, C. J., and MCNAMEE, J., concur.