FLORINE I. CRAIG, Appellant, *v.* EMMA GLADYS
    MARGRAVE AND WILTON MARGRAVE,
    Respondents.

No. 5521

November 13, 1968                    446 P.2d 653

*Stewart & Horton,* of Reno, for Appellant.

*Sidney W. Robinson,* of Reno, for Respondents.

## OPINION

By the Court, COLLINS, J.:

This appeal is from a decision of the lower court that appellant's brokerage commission upon an installment sale of real estate is not yet due or payable. We agree and affirm that decision.

On June 1, 1962, respondents Emma Gladys Margrave and Wilton Margrave executed an agreement as sellers with Charles A. Steen as buyer for the sale of certain real property for the sum of $1,050,000.

Pursuant to the terms of the agreement:

(a) a down payment was made;

(b) the title to the real property was conveyed from sellers to buyer;

(c) the buyer executed and delivered his promissory note to the sellers in the sum of $850,300, which was secured by a first deed of trust upon the property.

The agreement provided in part that:

"It is further mutually understood and agreed that Florine I. Clayton, doing business as Tiptop Realty, is the broker responsible for the consummation of this transaction and that sellers shall pay to said broker a commission of five percent (5%) upon the total gross sales price, payable as follows: (1) As each installment payment hereunder is received by sellers, five percent (5%) of the portion of said payment representing principal shall be paid to said broker, and (2) as each installment payment is received pursuant to the note and deed of trust herein referred to, five percent (5%) of the portion of said payment representing principal shall be paid to said broker. Any commission over and above said amount shall be paid by buyer."

Certain payments were made upon the promissory note and as each payment was made, the commission due appellant was paid. Payments upon the note ceased and it is now in default. There is presently due, owing and unpaid upon the promissory note the principal sum of $419,034.30, together with interest from July 8, 1965.

Sellers have taken no action against the security to require a sale of the property under the trust deed.

This suit is a garnishment action against sellers for the balance of the real estate commission calculated to be due appellant under the above agreement. On October 17, 1967, the lower court decided that:

"* * * Plaintiff is not entitled to relief prayed for by her, nor any further payments by way of commission until such time as additional payments are received from garnishee's purchaser, or until such time as the land hereinvolved [sic] is sold to independent purchasers on foreclosure of the Deed of Trust hereinvolved [sic] and the sellers have received the balance of the purchase price in cash."

This appeal is from that decision.

The issues to be decided are these:

I. IS RECEIPT OF PAYMENT FROM BUYER TO RESPONDENTS A CONDITION PRECEDENT TO RESPONDENTS' OBLIGATION TO PAY APPELLANT HER COMMISSION IN THAT IT (1) SPECIFIES THE TIME WHEN PAYMENT IS DUE APPELLANT OR, (2) SPECIFIES THE FUND FROM WHICH PAYMENT IS TO BE MADE.

II. DOES FAILURE OF RESPONDENTS TO FORE–CLOSE ON THE DEED OF TRUST EXECUTED BY BUYER EXCUSE THE CONDITION PRECEDENT SO THAT APPELLANT'S COMMISSION IS NOW DUE AND PAYABLE.

1. We interpret the agreement as restricting appellant's broker's commission to a particular fund and not enforceable until the fund is realized. Seminole Fruit & Land Co. v. Rosborough-Weiner, Inc., 43 So.2d 864 (Fla. 1950). Thus receipt of payments under the note as secured by the deed of trust is a condition precedent to respondents' obligation to pay the commission. Appellant then is to receive her commission when the installments under the note are paid, not when they are due. House v. Cook, 267 P. 354 (Cal.App. 1928); Cannon v. Selmser, 260 P. 332 (Cal.App. 1927).

A broker's right to his fee is measured by the terms of his contract with the principal. If the contract imposes a contingency such as performance of the buyer as a condition to his right to receive his fee, he cannot complain if through nonperformance of the buyer, his contingent rights are lost. Stromer v. Browning, 55 Cal.Rptr. 18 (1966); Fitch v. LaTourrette, 75 Nev. 484, 346 P.2d 704 (1959); House v. Cook, supra; Cannon v. Selmser, supra.

2. The next issue involves failure of respondent to foreclose or sell under the deed of trust. Appellant contends this excuses the condition precedent so that the commission is now due and payable.

There is no doubt but that a sale of the property under the trust deed to an independent buyer would constitute an installment payment satisfying the condition precedent, and entitling appellant to her agreed commission. Margolis v. Los Angeles First Nat. Trust & Savings Bank, 9 P.2d 526 (Cal.App. 1932); Dunne v. Colomb, 221 P. 912 (Cal. 1923).

The question is, however, if at a sale of the property under the trust deed, sellers bid in the property themselves, is the condition precedent thus satisfied entitling appellant to the commission? While this court has never adopted a view upon that question, there are two distinct lines of authority. One group of courts holds that if sellers bid in the property themselves, they would not be obligated to pay the commission under the terms of the agreement in this case. Margolis v. Los Angeles First Nat. Trust & Savings Bank, supra; Seminole Fruit & Land Co. v. Rosborough-Weiner, Inc., supra.

Another group of courts holds that where a broker is to receive his commission out of the purchase money as it is paid to seller, in the event of default by buyer and sale under the security arrangement where seller purchases or bids in the property, the broker is entitled to his commission. Crane v. Eddy, 61 N.E. 431 (Ill. 1901); Elmen v. Winfield, 80 S.W.2d 343 (Tex. 1935). That group of courts reasons there should be no different result to the broker as to his commission whether an independent party or the seller purchases the property at the foreclosure sale.

The lower court in this case held in accordance with the rule announced by the California and Florida courts when it ruled that the brokerage commission is not due "until such time as additional payments are received from garnishee's purchaser, or until such time as the land hereinvolved [sic] is sold

to independent purchasers on foreclosure of the Deed of Trust hereinvolved [sic] and the sellers have received the balance of the purchase price in cash."

We think that ruling is correct and sustain it.

The reasons supporting such rule are that the sellers have required, as here, that the commission comes from the purchase price and not their pocket. The sellers have bargained to receive installment payments in money for their property and not the property back, and at the foreclosure sale, if an independent purchaser bids in the property, sellers receive their money. If sellers bid it in they get the property back, not the installment payments of money for which they contracted.[1]

3. Finally, we turn to consideration of the issue raised by appellant that if sellers refuse, fail, or decline for any reason to foreclose under the trust deed, the condition precedent is excused and the commission is due and payable. See Stromer v. Browning, supra. We disagree.

There is no contention by appellant of bad faith, collusion or fraud by respondents in seeking to deny or deprive her of her commission. Whether those factors if raised and shown would excuse the condition precedent and entitle her to the commission will be decided by us when urged in a proper case.

The judgment of the lower court is affirmed.

THOMPSON, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.

---

[1]We think that if the real estate broker is in a strong enough position between the seller and buyer, he can always require by contract that he be paid his commission in full where at a foreclosure sale, seller bids in the security property.