JOE NOLAN, DBA NOLAN REALTY CO., BROKER'S LICENSE No. 1025, APPELLANT, v. THE STATE OF NEVADA, DEPARTMENT OF COMMERCE, REAL ESTATE DIVISION, RESPONDENT.

No. 5774

June 5, 1970

470 P.2d 124

*Foley, Garner & Shoemaker,* of Las Vegas, for Appellant.

*Joseph C. Crawford,* of Las Vegas, for Respondent.

## OPINION ON REHEARING

By the Court, COLLINS, C. J.:

On February 3, 1970, we granted rehearing of our opinion in this case filed November 4, 1969.

Rehearing was granted because counsel for appellant and counsel for amicus curiae, The Las Vegas Board of Realtors, contended the opinion rendered overruled a long-standing

Nevada case, Engel v. Wilcox, 75 Nev. 323, 340 P.2d 93 (1959). We did not intend to overrule that opinion, either directly or by implication.

Engel, quoting Cochran v. Ellsworth, 272 P.2d 904, 909 (Cal.Dist.Ct.App. 1954), holds: " 'Generally speaking, a real estate broker has earned his commission when he has brought to the vendor a purchaser who is ready, willing and able to buy the property upon the terms on which the agent is authorized to sell, or when a written contract upon any terms acceptable to the seller has been entered into with a purchaser originally brought to the vendor by the agent. It is not necessary for the sale to be completed, under the foregoing rule, for the broker to be entitled to his commission.' " 75 Nev. at 326. (citations omitted)

In our opinion of November 4, 1969, we proceeded upon the premise that on January 12, 1966, Nolan had not presented an offer to the Wests by a buyer who was ready, willing and able to buy their property in accordance with the terms of the listing because the offer contained an additional condition not a provision of the listing agreement, namely, that the "purchasers were to apply and qualify for an FHA loan." The opinion then discussed the meaning of the word "able" under that premise. We apparently proceeded upon an incorrect premise because the real issue in controversy is whether or not the offer was in accord with the listing agreement. If the January 12 offer by Nolan on behalf of the Farwells to the Wests complied with the terms of the listing agreement given Nolan by the Wests, then under the rule of Engle v. Wilcox, supra, Nolan would have been entitled to his commission on that date and he could not have been motivated by personal gain on January 15 when he induced Wests to disregard the Stevens' offer and accept his. He would not therefore have been subject to discipline by the Real Estate Division for violation of NRS 645.630(11).[1]

[1]645.630 GROUNDS FOR DISCIPLINARY ACTION AGAINST LICENSEES. The commission shall have the power to suspend, revoke or reissue, subject to conditions, any license issued under the provisions of this chapter at any time where the licensee has, by false or fraudulent representation, obtained a license, or where the licensee, whether or not acting as a licensee, is deemed to be guilty of:

. . .

11. Inducing any party to a contract, sale or lease to break such contract for the purpose of substituting in lieu thereof a new contract with the same principal or a different principal, where such substitution is motivated by the personal gain of the licensee.

On the other hand, if the January 12 Nolan offer on behalf of the Farwells to the Wests did not comply with the listing agreement, then the breach induced by Nolan of the intervening contract signed on January 13 and 14 by the Wests with Patricia Stevens' client, the Elders, was motivated by his personal gain, because he had not yet earned his commission.

While the Real Estate Division appears to have predicated its disciplinary ruling against Nolan upon such a finding, the record is not clear in that regard.[2] Since the entire result of this case rests upon that single point, we feel there should be a clear determination of it.

Accordingly, we reverse the ruling of the lower court and the Real Estate Division and remand the case to that board for a specific finding whether the Nolan offer on behalf of the Farwells on January 12, 1966, to the Wests for the sale of their property was in accordance with the terms of the listing agreement given Nolan by the Wests for that property.

We reaffirm our prior holding in Engel v. Wilcox, supra, and order the balance of our November 4, 1969, opinion in this case stricken as decisive of an incorrect issue.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.

---

[2]The record contains a copy of the listing agreement between Nolan and the Wests, but it contains the notation "CTNL", the exact meaning or effect of which is not known to us, nor was it discussed by the Real Estate Division in its findings and conclusions. The record also indicates that both the Wests had some knowledge of the Nolan offer on behalf of the Farwells, because the findings imply they discussed both it and the Stevens offer.