LOUIS DI GREGORIO AND ELSBETH WILLIS, APPELLANTS, *v.* LOUIS M. MARCUS AND BERNARD M. SHAPIRO, RESPONDENTS.

No. 6131

October 7, 1970                              475 P.2d 97

---

*Deaner, Butler & Adamson,* of Las Vegas, for Appellants.

*Wiener, Goldwater & Galatz* and *J. Charles Thompson,* of Las Vegas, for Respondents.

## OPINION

By the Court, BATJER, J.:

Through the services of Atlas Realty Company, licensed real estate brokers, hereinafter referred to as Atlas, the respondents sold certain real property in Clark County. A down payment was made and a promissory note for the balance of the purchase price, secured by a deed of trust, was executed by the purchaser. Through an assignment, which appeared on the reverse side of the promissory note, the respondents assigned to Atlas the sum of $22,500 to be paid in installments of $5,625, together with interest. The assignment also contained the following language: "In the event of default by the Trustor in the payment of said installments,

Atlas Realty Company waives any further claim against Bernard Shapiro and Louis M. Marcus for any unpaid commissions." Similar language was included in the commission agreement entered into between the respondents and Atlas.[1] The purchaser made one payment and Atlas received $6,-106.15. Thereafter, that company assigned its interest in the promissory note to the appellants. No further payments were made by the purchaser and a notice of breach and election to sell under the deed of trust was filed by the respondents. However, before a sale could be effected it was restrained by United States Referee in Bankruptcy. That restraining order was in full force and effect when the district court entered its judgment in this case.

On November 25, 1968, the respondents sold all of their interest in the note and trust deed to Tracy Investment Company, hereinafter referred to as Tracy, and received $129,-191.58 as full payment. That sum was paid to Chicago Title Insurance Company, which in turn paid respondents $109,-933.79, and withheld $393.95 as escrow fees. The title company also withheld $18,863.84 for the account of the appellants as the assignees of Atlas, but refused to disburse said sum because of the conflicting claims for it.

Appellants filed a suit against respondents claiming $16,875 plus interest due them for commissions as assignees of Atlas. Respondents filed a suit against Chicago Title Insurance Company claiming the sums withheld by that title company. Judgment was entered awarding the $18,863.84 to the respondents.

The appellants contend that the trial court erred in its judgment. Their contention is based upon the theory that the respondents have received the full price of the original sale from Tracy and that the appellants are entitled to the balance of the commission earned by Atlas. We find no fault in the judgment.

The appellants fail to recognize that the promissory note and deed of trust sold by the respondents to Tracy was an entirely different "product" from the real property which produced the commission.

Although the judge of the district court indicated that the default in payment by the purchaser resulted in a forfeiture of

---

[1]The escrow instructions also contained a similar provision concerning the brokers commission in the event of the purchasers default.

any further claim by the appellants,[2] we do not reach the point where that question need be considered, because all sums paid to the respondents by Tracy were only in consideration of respondents' interest in the promissory note and deed of trust. The appellants were entitled to receive their share of the payments made by the purchaser, or its successor in interest, but were in no way entitled to share in the payment received by the sellers for their interest in the promissory note and deed of trust.

The right of a real estate broker to collect his fee is to be measured by the terms of his commission agreement. Fitch v. LaTourrette, 75 Nev. 484, 346 P.2d 704 (1959), and Craig v. Margrave, 84 Nev. 638, 446 P.2d 653 (1968). Such a contract may validly be predicated on specified conditions precedent. Craig v. Margrave, supra, and Bell v. Krupp, 86 Nev. 247, 467 P.2d 1013 (1970).

When a commission agreement provides that the broker will only receive his fee from the purchaser's payments, the receipt of those payments is a condition precedent to the seller's obligation to pay the commission. Craig v. Margrave, supra, and Seminole Fruit & Land Co. v. Rosborough-Weiner, Inc., 43 So.2d 864 (Fla. 1950).

It would be as unjust to require the respondents to pay the appellants the balance of the real estate commission from the monies received from Tracy as it would to require such payment from the respondents' other assets. The judgment of the district court is affirmed.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.

---

[2]"In the mind of the court any rights the broker or its assignees might have had to unpaid commissions were forfeited when Bonanza No. 2 defaulted on its obligation. Once forfeited the claim could not be resurrected."