SAHARA REALTY CORP., DBA SAHARA REALTY, A
NEVADA CORPORATION; GILBERT S. SCHWARTZ;
AND EMANUEL SCHWARTZ, APPELLANTS, v. MER–
VYN ADELSON, IRWIN MOLASKY, MOE DALITZ,
HARRY LAHR, ALLARD ROEN, BERNARD
ROTHKOPF, A CO–PARTNERSHIP DBA STAR INVEST–
MENT CO.; AND PARADISE HOMES, A NEVADA COR–
PORATION, RESPONDENTS.

No. 6843

April 13, 1973                    508 P.2d 1210

*Jones, Jones, Close, Bilbray & Kaufman,* of Las Vegas, for
Appellants.

*Lionel ˋ Sawyer Collins & Wartman,* of Las Vegas, for
Respondents.

## OPINION

By the Court, MOWBRAY, J.:

Appellants, Las Vegas real estate agents, commenced this action in the district court to collect a broker's commission for their efforts to sell the Commercial Center, a shopping area complex located in Clark County. After a bench trial, the court dismissed the complaint.

In this appeal, several peripheral issues are presented; however, the central issue urged by appellants is that they are entitled to a commission because "the wrongful acts of respondents precluded appellants from consummating the sale." We do not agree.

The record reflects that in December 1965 Gilbert Schwartz, one of the principals of Sahara Realty Corp., obtained from Irwin Molasky, one of the partners who owned the Commercial Center, an oral listing to sell the property for a stated price. Schwartz offered the property to Jack Resnick of New York, who made an offer to buy. The offer was rejected by Molasky. For the next 2 months there were numerous offers and counter offers to buy and sell between Resnick and Molasky, and in early February 1966 they reached a tentative, oral agreement to consummate the sale. It was understood that Molasky would have his California counsel prepare a contract covering the sale and a proposed leaseback agreement. Thereafter, on February 18, Molasky, Schwartz, and Resnick met in Las Vegas. At that meeting Molasky delivered the proposed contract of sale and allied papers to Resnick, who took them to New York for his attorney's approval. It was agreed that Resnick's attorney and Molasky's accountant would meet in New York on February 23 to put the documents in final form. That meeting did not take place. Molasky kept pressing Schwartz for some action on the sale, as the respondents were in need of the cash down payment, and they wished to conclude the sale, if Resnick wanted the property. Finally, on March 4, Molasky advised Schwartz that something had to be done to complete the transaction. Schwartz replied to the effect, "First come, first served." That is precisely what happened, for on March 7 or 8 the respondents commenced negotiations to sell the Center to a third party, and the sale was consummated on March 22. It is true that Resnick on March 10 called Molasky and stated

that he was coming to Las Vegas on March 18 to finalize the sale. Prior to that meeting, however, Molasky advised Resnick that the property had been sold to another party and that the Resnick sale was off.

In Engel v. Wilcox, 75 Nev. 323, 326, 340 P.2d 93, 94 (1959), this court, quoting Cochran v. Ellsworth, 126 Cal. App.2d 429, 272 P.2d 904, 909 (1954), laid down the rule:

" 'Generally speaking, a real estate broker has earned his commission when he has brought to the vendor a purchaser who is ready, willing and able to buy the property upon the terms on which the agent is authorized to sell, or when a written contract upon any terms acceptable to the seller has been entered into with a purchaser originally brought to the vendor by the agent. Alison v. Chapman, 36 Cal.App. 759, 173 P. 389 [1918]. . . .' . . ." Cf. Nolan v. State Dep't of Commerce, 86 Nev. 428, 470 P.2d 124 (1970). See also, DiGregorio v. Marcus, 86 Nev. 674, 677, 475 P.2d 97, 99 (1970), where we said: "The right of a real estate broker to collect his fee is to be measured by the terms of his commission agreement."

In this case, the broker had a nonexclusive, oral listing to sell the respondents' property, and nothing more. The broker at no time brought to the respondents a buyer who was ready, willing and able to buy the Center. True, extensive negotiations took place between Molasky and Resnick, but Resnick never accepted the written contract to sell the property that had been submitted to him, and until he did so the appellants had failed to qualify for their broker's commission.

The record demonstrates, in fact, that at the proposed March 18 meeting Resnick was not even then prepared to go forward and consummate the sale, as his attorney, Mr. Katz, intended to negotiate, further, numerous matters upon which the sale of the property turned. There is nothing in the record to support appellants' claim of "wrongful acts" or that the proposed sale to Resnick was obstructed by an act of fraud, Ramezzano v. Avansino, 44 Nev. 72, 189 P. 681 (1920), or by bad faith, Humphrey v. Knobel, 78 Nev. 137, 369 P.2d 872 (1962).

The judgment of the district court is affirmed.

THOMPSON, C. J., and GUNDERSON, BATJER, and ZENOFF, JJ., concur.