SALA & RUTHE REALTY, INC., A NEVADA CORPORATION, APPELLANT, *v.* D. W. CAMPBELL, RESPONDENT.

No. 6905

November 2, 1973                    515 P.2d 394

*Boyd, Leavitt & Freedman,* of Las Vegas, for Appellant.

*Michael L. Hines,* of Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, J.:

This is an action for the recovery of a real estate broker's fee. The trial court, sitting without a jury, found against the appellant. Judgment was entered accordingly for the respondent, denying the appellant a broker's commission.

Several days prior to September 28, 1969, Brownlee Rostron, a salesman for the appellant realty company, had been in contact with D. W. Campbell and his wife, the owners of the Aloha Motel in Las Vegas, Nevada. Rostron indicated to D. W. Campbell that if a prospective buyer for the motel should turn up he would like an exclusive listing to sell the property.

On Sunday, September 28, 1969, Rostron went to the Aloha Motel, contacted D. W. Campbell, informed him that he had a purchaser and presented, for his signature, an exclusive listing agreement. Campbell signed the agreement and took it to his wife for her signature, however, she was busy at the time

and did not sign. Campbell, an ex-realtor, expressed the desire to have his wife sign inasmuch as she was a joint owner of the motel, but Rostron insisted that Mrs. Campbell's signature was not necessary and Campbell finally acceded and delivered the agreement to Rostron.

Later that same day Rostron returned to the motel with a conditional offer to purchase the motel property executed by the prospective buyer. The offer was not on the same terms and conditions as the listing agreement and was conditioned upon the buyer's approval of an inventory and accounting within ten days from the date of the offer.

On September 30, 1969, the respondent executed the document entitled "offer and acceptance agreement" which contained the buyer's conditional offer to purchase the motel property, as well as a receipt for $1,000 deposited by the buyer with the appellant "to secure and apply to the purchase." Mrs. Campbell never signed the document and the record indicates that she never intended to sign it. Later, the exact date not being recalled, the taking of an inventory by the prospective buyer was begun, but was terminated before completion. Neither an inventory nor an accounting was ever approved by the buyer within the ten days specified, or at any time thereafter.

Although a clause in the listing agreement read: "In consideration of the above listing and authorization, the undersigned Realtor or his representative agrees to use diligence in his efforts to bring about a sale, lease or exchange of subject property," the appellant made no effort to obtain Mrs. Campbell's signature or to obtain the purchaser's approval of the motel's accounting books. When the taking of the inventory terminated after only partial completion, the appellant made no further efforts to have it finished and approved by the buyer. Instead, on September 30, 1969, the day on which the respondent signed the document entitled "offer and acceptance agreement," and before any attempt was made to inventory the motel property, an attorney representing the appellant made a demand upon the respondent and his wife for the full amount of the claimed commission.

The appellant asserts that the trial court erred in denying its claim for a real estate broker's commission because a husband who owns real property as a joint tenant with his wife, has the power to execute a binding agreement listing such jointly held property for sale with a broker, and the wife's subsequent refusal to execute documents of sale could not deprive the real estate broker of a commission.

The trial court did conclude that the appellant was not entitled to a commission because its salesman knew, or should have known, that the respondent's wife as a joint owner of the motel property could thwart the sale. However, we need not determine the validity of that ruling.

In Engel v. Wilcox, 75 Nev. 323, 340 P.2d 93 (1959), this court adopted the rule that: ". . . [A] real estate broker has earned his commission when he has brought to the vendor a purchaser who is ready, willing and able to buy the property upon the terms on which the agent is authorized to sell, or when a written contract upon any terms acceptable to the seller has been entered into with a purchaser originally brought to the vendor by the agent." 75 Nev. at 326.

Here the appellant did not bring a buyer who was ready, willing and able to buy the property on the terms which the appellant was authorized to sell. Instead the prospective buyer conditioned the sale upon his approval of an inventory and accounting, and therefore the appellant was not entitled to a commission based upon its listing agreement.[1] Neither was the appellant entitled to its commission on the theory that both the seller and buyer had signed the document entitled "offer and acceptance agreement." By its terms, that document did not bind the buyer until he approved the accounting and inventory, and hence it could not bind the seller. The buyer retained the key to the transaction. See Morrill v. Tehama M. & M. Co., 10 Nev. 125 (1875); McCone v. Eccles, 42 Nev. 451, 181 P. 134 (1919). He was free to approve or disapprove the inventory and accounting or to allow the offer to terminate by the expiration of the ten day period. Cf. Jackson v. Primadonna Hotel, Inc., 80 Nev. 454, 396 P.2d 28 (1964); Widett v. Bond Estate, Inc., 79 Nev. 284, 382 P.2d 212 (1963).

The purported buyer's approval of an inventory and an accounting of the motel books within ten days beginning September 28, 1969, was a condition precedent to the existence of the contract. His purported promise to purchase was therefore illusory because he was not obligated to perform. 1 Corbin Contracts § 16 (1950 Ed.). See also, Nat Nal Service Stations

[1] The terms of the "offer and acceptance agreement" ended with the provision: "This offer subject to buyer's approval of inventory and accounting books within 10 days from above date."

v. Wolf, 107 N.E.2d 473 (N.Y. 1952); Kalivas v. Hauck, 290 S.W.2d 94 (Mo. 1956); Middleton v. Holecroft, 270 S.W.2d 90 (Mo.App. 1954). Mutuality of obligation requires that unless both parties to a contract are bound, neither is bound. Kraftco Corporation v. Koblus, 274 N.E.2d 153 (Ill.App. 1971); Snyder v. Hamilton, 189 N.E.2d 97 (Ill.App. 1963). Cf. Hillman v. Hodag Chemical Corporation, 238 N.E.2d 145 (Ill.App. 1968); Bernstein, Bernstein, Wile & Gordon v. Ross, 177 N.W.2d 193 (Mich.App. 1970); McCandless v. Schick, 380 P.2d 893 (Ida. 1963).

This is not a case where a party had the unconditional and unilateral right to rescind a contract at his pleasure so that the lack of mutuality of obligation might be cured by the presence of adequate consideration, (see Kowal v. Day, 98 Cal.Rptr. 118 (Cal.App. 1971)), Friedman v. Tappan Development Corporation, 126 A.2d 646 (N.J. 1956), but rather a case where no valid contract could possibly have come into existence until the condition precedent was accomplished. It was never accomplished and the buyer's deposit was, upon demand, returned to him. Mutuality of obligation never arose between the seller and buyer, therefore, no binding contract ever existed between the parties which would entitle the appellant to a commission under the rule announced in Engel v. Wilcox, supra.

Accordingly, we need not decide whether a wife's refusal to execute documents of sale on real property held in joint tenancy could effectively deprive a real estate broker of his right to a commission where the husband alone had signed the listing agreement. Nor need we consider whether the "offer and acceptance agreement" was legally unenforceable as a contract, because in several particulars it was not definite and certain in its terms.

The judgment of the district court is affirmed.

THOMPSON, C. J., and GUNDERSON and ZENOFF, JJ., and GREGORY, D. J., concur.