LA HOMA FLESHMAN, Appellant, *v.* GEORGE M. HENDRICKS, dba HENDRICKS REALTY, Respondent.

No. 8832

March 9, 1977                    560 P.2d 1350

*Robert Callister,* of Las Vegas, for Appellant.

*James L. Buchanan II,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On September 20, 1973, appellant La Homa Fleshman listed her business, the Long Branch Saloon, with respondent George Hendricks, a licensed real estate broker. The listing provided for a broker's commission in the event of sale or exchange of ten percent of the agreed-upon purchase price. Prior to its expiration, the respondent produced potential buyers, Floyd and Agnes Williams, who ultimately signed a document entitled "Offer and Acceptance Agreement and Earnest Money Receipt" on November 20, 1973. This agreement by its terms was subject to the timely approval of the seller which was effected by Mrs. Fleshman's signature on that same day. The sale eventually did not go through because the operation of the listed business was subject to a five-year lease of the premises and no effective transfer of this lease could be obtained from the landlord.

An action for the broker's commission was entertained by the court below and subsequently granted. Appellant has appealed this award claiming fundamentally that respondent did not produce a buyer actually "ready, willing and able" to purchase the business.

The long-established rule of law in this state concerning brokers' commissions is that "a real estate broker has earned his commission when he has brought to the vendor a purchaser who is ready, willing and able to buy the property upon the terms on which the agent is authorized to sell, or when a written contract upon any terms acceptable to the seller has been entered into with the purchaser originally brought to the vendor by the agent." Engel v. Wilcox, 75 Nev. 323, 326, 340 P.2d 93, 94 (1959); citing Alison v. Chapman, 173 P. 389 (Cal.App. 1918). In the instant case, the broker produced a purchaser who was ready and willing but not one who was able. The listing agreement, upon which the broker's authority was based, expressly noted the existence of the lease. According to his own testimony, the broker understood that he was responsible for producing a purchaser who would also receive assignment of the lease. This was the only sensible construction of the agreement since the business could not have been operated without

such an assignment. When the lessor refused to approve assignment of the lease to the purchaser, that purchaser failed to qualify as an able buyer, just as he would have had he failed to produce the purchase price or to meet any of the other specified terms or conditions. *Cf.* Nolan v. State Dept. of Commerce, 85 Nev. 611, 614, 460 P.2d 153, 155 (1969).

The omission of the lease assignment as a term of the purchase agreement is irrelevant in an action by a broker to collect his commission. As noted in *Engel,* it is the terms upon which the agent is authorized to sell which control. If the terms of the purchase agreement were, instead, controlling, a broker would be permitted to recover by virtue of his own misfeasance. Such a result would be contrary to equitable principles.

Other claims of error are not applicable to this case. We therefore will not consider them. Sala & Ruthe Realty, Inc. v. Campbell, 89 Nev. 483, 515 P.2d 394 (1973).

Reversed and dismissed.