JOHN D. HICKEY, Appellant, *v.* NORMAN KAYE REAL ESTATE COMPANY, Realtor, a Nevada Corporation, Respondent.

No. 11245

April 30, 1981

627 P.2d 399

*Manzonie & Massi,* Las Vegas, for Appellant.

*Deaner, Deaner & Reynolds,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

In this appeal we are required to determine whether the trial court erred in determining the purchaser, introduced to appellant Hickey by respondent Kaye, was a ready, willing and able

buyer, thereby obligating Hickey to pay Kaye the agreed broker's commission due under the listing agreement. We determine that the proposed purchaser was not an "able" buyer and reverse.

On June 12, 1973, John Hickey, one of three co-owners of the Del Rey Motel, signed a listing agreement with respondent, under which respondent was to obtain a buyer for the aforementioned property. On July 20, 1973, an offer and acceptance was signed by respondent and a purported buyer. On July 24, 1973, appellant countered the offer and on July 26, 1973, he, by telegram, purportedly revoked the listing with respondent. The sale never occurred, and when negotiations terminated, respondent made demand for a commission pursuant to the listing agreement, then commenced this action. From judgment awarding the broker's fee, Hickey appeals.

It was known by all parties that there existed a first deed of trust encumbering the property, which was subject to an acceleration clause, and was assumable only upon renegotiation with the holder. There was no showing that the holder had agreed to the assumption of the debt by the proffered buyer, indeed the broker testified that negotiations with the holder did not commence until sometime after the July 20 offer and acceptance was submitted to the seller. Absent a showing of the holder's consent to this assignment, the purchaser failed to qualify as an able buyer. *Cf.* Fleshman v. Hendricks, 93 Nev. 103, 104, 560 P.2d 1350, 1351 (1977) (lessor refused to approve assignment of lease to purchaser, who therefore failed to qualify as an able buyer). Since the proposed purchaser was not an able buyer, there can be no commission due under the listing agreement. Ferrara v. Firsching, 91 Nev. 254, 533 P.2d 1351 (1975).

The above issue being dispositive, we need not consider appellant's other assignments of error. Accordingly, we reverse the judgment of the district court.